### McCORMICK v. SUPREME COUNCIL CATHOLIC BENEVOLENT LEGION.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

INTERPLEADER—ACTION ON MUTUAL BENEFIT INSURANCE CERTIFICATE.

 A member of a mutual benefit association whose certificate was issued in favor of his four children, caused a new certificate to be issued in favor of plaintiff. He did not surrender the first certificate, but made an affidavit that it had been lost or destroyed. After the member's death, plaintiff sued on the certificate issued to him. The four children named on the first certificate notified the association that they held such certificate, and claimed the amount thereon. *Held* that, though there were two certificates outstanding, there was but one insurance, and a motion by the association to interplead the claimants under the first certificate would not be denied on the ground that because parties held different certificates the association might be liable on account of each of them.

Appeal from special term, Kings county.

Action by Thomas Francis McCormick against the Supreme Council Catholic Benevolent Legion on a certificate of membership in defendant benevolent association. From an order granting the defendant's application for an order of interpleader, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Asa W. Parker, for appellant.
McGuire, Low & Coombs, for respondent.

PER CURIAM.   In August, 1885, the defendant issued to one John McCormick a benefit certificate for the payment, upon his death, of the sum of $2,000 to his wife, Ann McCormick.   On the 1st of August, 1894, on the application of the said John McCormick, the beneficiaries under said certificate were changed to four of his children.   Thereafter the beneficiaries were again changed to the six children of the said McCormick, and on the 15th day of November, 1895, the said certificate was again changed to Thomas F. McCormick, the plaintiff, as sole beneficiary.   On the 10th day of February, 1896, John McCormick, the insured, died, a member in good standing of the defendant organization.   Afterwards the plaintiff began this action to recover of the defendant the sum of $2,000, the amount of said benefit certificate.   When the second change of beneficiaries was made,—that from the four children of the deceased to his six children,—the certificate then outstanding was not surrendered to the defendant, the deceased making an affidavit that his original certificate had been lost or destroyed.   After the death of John McCormick, the four children named as beneficiaries under the change of August, 1894, notified the defendant that they still held the certificate of that date, and claimed the insurance money due upon it, and asserted that any change in the beneficiaries was produced by undue influence and fraud practiced upon the deceased. Upon the presentation of this claim the defendant applied for leave to pay the insurance money into court, and substitute the claimants under the appointment of 1894 as defendants in its place.   The claimants last named appear to have assented to the application. The plaintiff resisted it.   The application was granted, and from the order granting the application the plaintiff takes this appeal.

The plaintiff contends that the application should have been denied, because there is not the same debt to be litigated between the parties; that the liability to the plaintiff and that to the claimants may be different and distinct, because the parties held different certificates, and that the defendant may be liable to each on account of the issue of such certificates.   We think this claim unfounded.   While there may be two papers or written instruments outstanding, there was but one insurance effected, and but one set of premiums paid.   The certificates issued are not negotiable instruments, so as to be valid obligations of the defendant in the possession of bona fide holders.   It was, therefore, not necessary that the defendant should obtain surrender of the first written certificate before it issued another in its place.   By the statute the insured member has the right to change the beneficiaries without their assent (chapter 175, § 18, Laws 1883), unless the designation has been made in pursuance of some contract or for value.   Smith v. Society, 123 N. Y. 85, 25 N. E. 197.   In this case neither party claimed title to the insurance money except as proceeding from the bounty of the deceased, and no notice was given to the defendant that any of the beneficiaries had acquired rights in the insurance which the insured

could not divest by change of beneficiaries.    But, however this may be, the plaintiff seeks to recover on the certificate in which he is named as the beneficiary.    If on that certificate he establishes a right to recover, such right cannot be defeated or impaired by the fact that the prior certificate was left outstanding, unsurrendered. If the claimants under the instrument of August, 1894, have any right or equity to recover of the defendant on account of its suffering the certificate to remain outstanding, such right or equity cannot be used to defeat the plaintiff's claim.    The substituted defendants can succeed in this action only upon showing that the change of beneficiaries was effected by fraud and undue influence on the plaintiff's part; and in such case they would be entitled to recover, whether the written certificate of August 1, 1894, had been surrendered or left outstanding.    The substituted claimants might have complained of the order of substitution, so far as it discharged the present defendant from liability to them.    But it is very plain that by that substitution the plaintiff's rights have not been affected or impaired.

The order appealed from should be affirmed, with $10 costs and disbursements.