(19 App. Div. 442.)

LEHMAN v. FRANK.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. FALSE REPRESENTATIONS—SUFFICIENCY OF EVIDENCE—HEARSAY.
Plaintiff sued defendant for damages for false representations, consisting in statements that one L. had agreed to be responsible for all goods sold to defendant, and had told defendant to say so to plaintiff. Upon the trial the only evidence of the falsity of the representations was the testimony of an agent of plaintiff that L. (who was not called as a witness) had told him that he never authorized any such statements by defendant.. *Held*, that this evidence, though not objected to, was insufficient to support a judgment for plaintiff.

2. SAME—DECLARATIONS—ADMISSIBILITY AGAINST THIRD PERSONS.
The rule that statements of one to whom a party has referred for information may be admitted against the latter does not apply to a case where the party has asserted that the third person will do certain things, and suggested that such person be spoken with directly on the subject. so as to make the unsworn denial of such third person that he had so agreed admissible in evidence.

Herrick and Merwin, JJ., dissenting.

Appeal from county court.

Action by Alfred B. Lehman against Jacob Frank. From a judgment for plaintiff, defendant appeals. Reversed.

This action was brought in a justice's court to recover damages caused by alleged false and fraudulent representations made by defendant to the selling agent of G. H. Hammond & Co., to induce him to sell to defendant upon credit a quantity of meat. It is shown that when defendant, on or about March 16, 1896, applied to purchase the meat in question, the agent refused, unless defendant would give security. Defendant thereupon stated to such agent that one Gustave Levor stood behind him, and backed him for all bills, and would guaranty the payment; that Levor had told him to tell G. H. Hammond & Co. that he would be responsible for all meat he (defendant) got; that Levor was away from home then, but would return soon, and the agent could then see him; that he (defendant) was responsible himself, but that Levor would stand between him and the company in the matter. The agent, relying upon such statements, sold and delivered to defendant meat at divers times between that date and May 29, 1896, of the value of $53.87, no part of which has ever been paid for. Soon after he got the meat, defendant gave a bill of sale of all his property to his wife. What his property consisted of, or what was its value, does not appear. The plaintiff claims as the assignee of G. H. Hammond & Co., and the justice rendered a judgment in his favor for $55.37 damages and $3.30 costs. The county court affirmed such judgment, and from such judgment of affirmance this appeal is brought.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clark L. Jordan, for appellant.

H. D. Wright, for respondent.

PARKER, P. J. Upon the trial of this action the only evidence that Levor did not "stand behind defendant," and authorize him to tell G. H. Hammond & Co. "that he would be responsible for all the meat got," was the testimony of the agent "Rau" to the following effect:

"Soon after May 29, I saw Mr. Levor, and told him what defendant had said. Mr. Levor said he never told defendant to tell us he would be responsible for the meat, and he would not be responsible for it, and would not pay for it, and that the statements made by defendant were false, and defendant knew them to be false when he made them."

Thus, the justice decided that the statements which defendant made were false and fraudulently made, upon the unsworn statement of Levor, made in response to a demand that he pay for the meat sold. Levor himself did not appear and testify that they were false, but he told the witness Rau that they were. True, this hearsay evidence was given without objection on defendant's part; but, nevertheless, after it is received and is before the court, it does not furnish any proof that defendant's statements were false. It is proof only that Levor told the witness that they were false. Levor's unsworn statements, out of court, are in no sense proof of the facts which he so states.

But the respondent seeks to justify this evidence, and give it the force of proof, because defendant, when he made the statements, said to the agent that "Levor was away from home then, but would return soon, and he [the agent] could then see him." It is claimed that this remark brings the case within the following rule, laid down in Stephen's Digest of Evidence (article 19), as follows:

"When a party to any proceeding expressly refers to any other person for information in reference to a matter in dispute, the statements of that other person may be admissions as against the person who refers to him."

The rule, so stated, is an approved one; but the reference to "seeing" Levor, above quoted, does not make it applicable to this case. If, after the agent had taken the position that he had been defrauded by reason of defendant's statements being false, the defendant had referred him to Levor as to their truth or falsity, the above rule would be applicable. Under such circumstances, defendant would be authorizing Levor to speak for him, and Levor's statements would be equivalent to defendant's own admissions; but the reference to Levor, as actually made, was not at all of that character. No dispute then existed. It was not a reference to Levor as to whether defendant was then telling the truth or not. It was but a suggestion that Levor would soon return, and then the agent, if he preferred, could make the deal directly with him. The defendant wanted a continuing credit for meat to be delivered in small quantities, at various times in the future; and the statement that the agent could very soon see Levor himself was but equivalent to saying: "If you do not want to deal with me now, wait and get authority directly from him." It was a suggestion that Levor would, if applied to, speak for himself as to whether he would "back" defendant, and the extent to which he would do so, and undoubtedly tended to induce belief on the agent's part that defendant was telling the truth; but it was not by any means authority to Levor to declare for defendant that the statements he was then making were false. In order to render one party responsible for the declarations of another under such circumstances. the authority to make them should be plainly conferred. Lambert v. People, 76 N. Y. 220. In the case at bar, defendant's statement that the agent could "see Levor," under the circumstances in which they were made, conferred no authority upon Levor to speak for any one but himself. It was, of course, an essential element of plaintiff's right to recover that the statements made by defendant, and on which the agent relied, were false. This fact he has failed to establish by any legitimate proof, and for that reason the judgment against defendant cannot be sustained.

The judgment of the county court and of the justice is reversed, with costs. All concur, except HERRICK and MERWIN, JJ., dissenting.