"The defendants were, under the plain provisions of the statute, entitled to have the jury directed by the court to acquit. The request was made in substance, and the refusal of the court to grant it was error. The judgment of conviction should be reversed, and a new trial granted."

It will be observed that even in that case the court, while holding that the defendants were entitled to a direction of acquittal, yet ordered a new trial upon reversing the judgment of conviction. Entertaining these views, I must refuse the certificate of reasonable doubt, especially where, as here, any rights which defendant may have can be taken advantage of by him by a plea of former jeopardy (Code Cr. Proc. § 322) when called upon to stand trial again, should the district attorney deem it advisable to again place defendant on trial.

Application denied.

---

(34 Misc. Rep. 258.)

FANNING v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N.

(Supreme Court, Special Term, New York County. March, 1901.)

INTERPLEADER—BENEFIT CERTIFICATES.

Defendant benefit association issued a certificate for the benefit of a member's wife. This certificate was surrendered on the death of the wife, and a new one issued to the member's daughter. During the life of the member the insurance company issued a new certificate, on false representations by the member that the other had been lost. The daughter surrendered the new certificate, and another was issued, in certain proportions, to plaintiff, to the daughter, and to a son of the member. On the death of the member, plaintiff claimed under this certificate, and the daughter claimed the whole fund. *Held,* that claimants should interplead, and the insurer should pay the fund into court.

Action by Catherine J. Fanning against the Supreme Council of the Catholic Mutual Benefit Association. Defendant moves for interpleader. Motion granted.

James Kearney, for plaintiff.
John J. Hynes and J. Arthur Corbin, for defendant.
Mayer & Gilbert, for Honora Dalton.

BLANCHARD, J. This is a motion for interpleader made by defendant. Defendant issued a benefit certificate to its member, John Brophy, for the benefit of his wife. She died, and upon her death the certificate originally issued was surrendered, and a new one issued to Brophy's daughter, Honora Dalton. This certificate has remained in possession of said Honora Dalton until it was surrendered to defendant, at its request, after the death of John Brophy. It is under this certificate that one claim for the amount of the certificate, $2,000, is made. It appears that during the lifetime of Brophy, it being represented that the certificate held by Honora Dalton was lost, a duplicate was issued to Nora Dalton,—being the same party as Honora Dalton,—which duplicate certificate was subsequently surrendered to defendant, and a new one issued to the plaintiff, a daughter, for $1,200, Nora Dalton for $500, and John Brophy, a son, for $300. Plaintiff's claim arises under this certificate. Honora Dalton claims that there was no provision for the issuance of a duplicate certificate in the constitution or by-laws of defendant, and that the cer-

tificate under which plaintiff claims is void for other defects, and also because the duplicate certificate issued under the assumption of the loss of the one held by her was fraudulently issued. I am of the opinion, however, that this is a proper case to order an interpleader. A very similar situation was presented in the case of McCormick v. Supreme Council, 6 App. Div. 175, 39 N. Y. Supp. 1010, where it was held that an order of interpleader was properly granted. The court there said (page 177, 6 App. Div., and page 1011, 39 N. Y. Supp.), "While there may be two papers or written instruments outstanding, there was but one insurance effected, and but one set of premiums paid." Such is the case here. There can be but one valid claim, and, the defendant being willing to deposit into court all that is due, the various claimants should be compelled to litigate among themselves as to who is entitled to the benefits of the insurance effected. The defendant not being without fault in the creation of the situation here presented, no costs will be allowed it.

Ordered accordingly.