(61 App. Div. 190.)

FANNING v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N et al.

(Supreme Court, Appellate Division, First Department.  May 10, 1901.)

1. MUTUAL BENEFIT ASSOCIATIONS—SUBSTITUTION OF PARTIES IN ACTION.

Defendant benefit association issued a certificate for the benefit of a member's wife, which was surrendered on the death of the wife, and a new one issued to the member's daughter.  During the life of the member, the insurance company issued a new certificate on false representations by the member that the other had been lost, whereas, in fact, the daughter still had the original certificate issued for her benefit.  The daughter surrendered the new duplicate certificate, and another was issued, naming the plaintiff, the daughter, and a son of the member as beneficiaries.  On the death of the member, plaintiff claimed under this certificate, and the daughter claimed the whole fund under the original certificate issued to her.  *Held*, that the association should not be dismissed from the case on paying the fund into court, as it was a necessary party to a proper determination of the case, its fraud and negligence in issuing the second certificate being alleged as grounds for liability thereon.

2. SAME—INTERPRETATION OF PROVISION IN ASSOCIATION'S CONSTITUTION.

The provision in the constitution of a mutual benefit association that the supreme council of the order shall have the right, in case of adverse claims for the benefit fund, to pay such fund into court, and making such right a condition to the right of the person entitled to participate, relates to cases of controversy between claimants for the fund alone, and not where different parties claim a liability on the part of the association for its wrongful or negligent act.

3. SAME—RIGHTS OF DIFFERENT DEFENDANTS—CROSS ANSWERS—STATUTES.

In an action against a mutual benefit association, where adverse parties claimed the benefit fund, the association will not be dismissed as a party to the action on paying the fund into court, since the rights of the association as a defendant may be fully determined under Code Civ. Proc. § 521, providing that, in case the judgment may determine the ultimate rights of two or more defendants as between themselves, they may file cross answers, and have the matter determined.

4. SAME—POSSESSION OF NECESSARY EVIDENCE—GROUND FOR REFUSING DISMISSAL FROM ACTION.

In an action against a mutual benefit association for the recovery of the benefit which adverse parties claimed under different certificates, the association will not be dismissed from the case on paying into court the benefit fund, where the record books and other documentary evidence in the possession of the association must be produced on the trial.

Appeal from special term, New York county.

Action by Catherine J. Fanning against the Supreme Council of the Catholic Mutual Benefit Association.  From an order of the special term (69 N. Y. Supp. 622) permitting the defendant to pay into court the sum of $2,000, and be relieved of liability, and bringing in Hanora Dalton as a party defendant, the latter appeals.  Order modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Julius M. Mayer, for appellant.
James Kearney, for respondent Fanning.
J. Arthur Corbin, for respondent association.

HATCH, J.  The defendant, the mutual benefit association, is a corporation duly constituted and created under chapter 496 of the

Laws of 1879, having its principal place of business at Niagara Falls, and having certain branch and grand councils in this state; among others, branch No. 106, located in the city of New York. This action was brought to recover upon a benefit certificate issued by the association to one John Brophy, a member of said branch. It appears that said John Brophy obtained originally a benefit certificate in the sum of $2,000, payable to his wife. She died, and thereafter he obtained a new certificate, in which his daughter, Hanora Dalton, was named as sole beneficiary. This certificate is dated June 19, 1894, and is signed by the supreme recorder, the supreme president, and countersigned by the president and recording secretary. It was delivered to Hanora Dalton, and was in her possession from July or August, 1894, until about August, 1900, when she forwarded the same to Mr. Joseph Cameron, supreme recorder, at Hornellsville, N. Y., at his request, for inspection. After the second certificate had been issued, it is claimed that John Brophy represented to the secretary of the branch of which he was a member that the Hanora Dalton certificate was lost, and that upon such representation a new certificate was issued, intended to be a duplicate of the lost document, and only for the purpose of replacing it, naming Nora Dalton as the beneficiary. Mrs. Dalton had no notice of the issuing of the duplicate certificate, and she then had in her possession the certificate so represented to have been lost. Upon the surrender of the duplicate, a new certificate was issued, naming as beneficiaries the plaintiff herein in the sum of $1,200; John Brophy, a son of the member, in the sum of $300; and Hanora Dalton, the appellant, in the sum of $500. John Brophy having died, this action was brought by the plaintiff on her alleged claim for $1,200 as beneficiary, and also on the claim of the son, he having made an assignment of the same to her. Plaintiff is thus pressing her alleged claim against the defendant association by action at law, and Hanora Dalton is insisting upon her claim under the second certificate for the full amount, thus exposing the defendant to the danger of two actions. In this situation the benefit association made a motion asking that an order be made substituting Hanora Dalton as defendant in this action in the place and stead of the Supreme Council of the Catholic Mutual Benefit Association, and discharging the said association from liability either to Catherine J. Fanning, the plaintiff, or to Hanora Dalton, on paying into court, to the credit of the action, the sum of $2,000, less counsel fee, costs, and disbursements. This motion was granted, with leave to the plaintiff to serve a supplemental summons and complaint upon the new defendant, and from the order so made this appeal is taken.

We have reached the conclusion that the order releasing the original defendant from liability should not have been granted, under the circumstances of this case, as made to appear by the moving and opposing affidavits. A serious question is raised as to the validity of the certificate issued by the defendant association in which the plaintiff, her brother and sister are named as beneficiaries, owing to the alleged irregularity of the proceeding by which the Hanora Dalton certificate was surrendered, and the "Nora" Dalton certificate was issued, and as to the form of the last certificate issued upon the sur-

render of the "Nora" Dalton certificate. It is not claimed but that Hanora and Nora Dalton are the same person, but the appellant contends that the acts of the parties subsequent to the issuing of her original certificate were irregular and void, and that by reason of the fraud or bad faith of the officers of the defendant association charged with the duty of issuing benefit certificates under the rules and regulations of the association, or their gross laches, or both, her original certificate remains in full force and virtue; and that, if the defendant has, by such acts, become liable upon the certificate sued upon, it ought not to be permitted to escape its liability to her without a trial of the issues thus raised. The constitution of the association provides that the supreme council shall have the right, in case of adverse claimants of a benefit fund, to pay such fund into court, in proceedings in the nature of an interpleader, and such right is made a condition to the right of persons entitled to participate in such fund. But such right is not absolute, and, if it were, the case before us is not within the terms of the provision. The constitution, like the statutory provisions in such cases, clearly relates to cases of controversy between claimants for the fund alone, and not to a case in which different parties claim a liability on the part of the association arising out of its wrongful or negligent acts, as is the present case, and where its presence as a party is necessary to a proper determination of the controversy. It is not the province of the court to determine this issue upon affidavits, nor do we express any opinion as to the merits of the controversy further than to say that the record discloses that the mutual benefit association may have made itself liable to the claim of Hanora Dalton for the full amount of her certificate. The opposing affidavits present a serious question of fact upon that issue, and for the purpose of determining such question the defendant association is a proper and necessary party. It may be true that no number of outstanding certificates can give any person or persons the right to recover in the aggregate more than the sum of $2,000, as contended by the defendant; but that fact does not justify the discharge of the defendant from liability in these circumstances. The case of McCormick v. Supreme Council, 6 App. Div. 175, 39 N. Y. Supp. 1010, cited by respondent, does not support its contention in this respect. In the McCormick Case the defendants who were interpleaded assented to the application, and the court said, "The substituted claimants might have complained of the order of substitution, so far as it discharged the present defendant from liability to them" (page 177, 6 App. Div., and page 1012, 39 N. Y. Supp.); thus indicating that, had the persons sought to be substituted objected, the discharge might not have been granted. Another important distinction between that case and the one at bar is that in the McCormick Case there was no claim of any kind that the defendant association had been guilty of any fraud. omission, or neglect.

Other considerations add to the reasons constraining us to the result we have reached. Under the provisions of the Code of Civil Procedure (section 521) the defendant, the supreme council, if retained as a defendant, and Hanora Dalton, may have their ultimate rights determined, as between themselves, by cross service of their

answers, and thus all the issues between the parties may be presented for the determination of the court in an orderly and satisfactory manner. It is apparent that, in any event, the appellant will require, for the presentation of the issues raised .by her, the record books and other documentary evidence in the hands of the defendant association; and if the order, as made and entered, is affirmed, she will be obliged to bring them into court by subpœna, at a great inconvenience and expense. It appears that the office of the supreme council is at Niagara Falls, and at the time of the transactions involved the supreme recorder lived and had his office at Hornellsville, N. Y., in the county of Steuben. It is absolutely necessary that the defendant Dalton should have all the records and documents relating to the transactions involved, and we think it would be unjust to permit the supreme council to subject her to such inconvenience .and expense, in view of the plain fact that the complications have arisen, in part, at least, by reason of its defective records, and the failure of its officers to obey the letter and spirit of its rules and regulations as to the issuing, surrender, and reissuing of benefit certificates, whatever the outcome may be. These considerations lead us to the conclusion that the order should be modified by striking out the provision by which the Supreme Council of the Catholic Mutual Benefit Association is discharged from liability to the plaintiff or Hanora Dalton on payment of the sum of $2,000 to the chamberlain of the city of New York, and substituting Hanora Dalton as defendant in the action in place of the said association, and inserting a provision bringing in Hanora Dalton as an additional party defendant; and, as so modified, that it be affirmed, with $10 costs and disbursements to appellant. All concur.