NICOLAS CHAPUIS, Appellant, *v.* WALTER P. LONG, Respondent.

*Interpleader — when no sufficient basis is shown therefor — reading in support of a motion an affidavit not served on the adverse party.*

A temporary receiver in bankruptcy having come into possession of a policy of insurance on the life of the bankrupt, the court appointing him made an order directing him to deliver the policy to one Chapuis, and providing that upon compliance with the order the receiver should be discharged from liability in respect to the order. The receiver refused to comply with the order,

and Chapuis brought an action in replevin against him to recover possession of the policy. The receiver then made a motion to substitute one Parkhurst as defendant in the replevin action, alleging "that one Arthur H. Parkhurst, not a party to this action, made a demand against deponent for the same property, without collusion with this deponent; that the said Parkhurst claims the said property by virtue of an order made in the City Court of the city of New York, wherein and whereby the said Arthur H. Parkhurst was appointed receiver of the property, assets and effects of one Isidore Marty, and that the said Arthur H. Parkhurst, as deponent is informed and verily believes, has qualified as such receiver and claims the said policy of insurance as the property of the said Isidore Marty, and he claims to be entitled to the same by reason of such receivership." No facts were stated tending to show that Parkhurst's claim had any just or reasonable foundation.

*Held,* that the order of interpleader should have been denied.

The practice of receiving, in support of a motion, affidavits which have not been served upon the opposing party and which he has had no opportunity of answering is bad and should not be encouraged.

APPEAL by the plaintiff, Nicolas Chapuis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of September, 1902, substituting one Arthur H. Parkhurst as defendant in the place of Walter P. Long, and also from an order made at the New York Special Term and entered in said clerk's office on the 4th day of October, 1902, resettling the first above-mentioned order and substituting Arthur H. Parkhurst, as receiver of the property and effects of Isidore Marty, a judgment debtor in supplementary proceedings, as defendant in the action in the place and stead of the said Walter P. Long.

*Arthur Furber,* for the appellant.

*A. H. Parkhurst,* for the respondent.

O'BRIEN, J.:

The defendant moved upon an affidavit and the summons and complaint in this action for an order of interpleader. By the complaint it appeared that this is an action in replevin to obtain the possession of a policy of insurance on the life of one Isidore Marty. The defendant came into possession of this policy by virtue of his appointment as temporary receiver in bankruptcy of the estate of Isidore and Marguerite C. Marty, by the District Court of the United

States for the Southern District of New York. The said court, by an order duly made, directed its receiver (the defendant) to turn over the policy to this plaintiff, discharging him from all liability with respect thereto, upon compliance with that order.

The material part of the affidavit used by the defendant on the motion recites " that one Arthur H. Parkhurst, not a party to this action, made a demand against deponent for the same property, without collusion with this deponent; that the said Parkhurst claims the said property by virtue of an order made in the City Court of the city of New York, wherein and whereby the said Arthur H. Parkhurst was appointed receiver of the property, assets and effects of one Isidore Marty, and that the said Arthur H. Parkhurst, as deponent is informed and verily believes, has qualified as such receiver and claims the said policy of insurance as the property of the said Isidore Marty, and he claims to be entitled to the same by reason of such receivership."

Upon the argument of the motion an affidavit was permitted to be read in support thereof which had not been served on the plaintiff, and was not one of the papers upon which the order to show cause was granted. This affidavit was made by the attorney of a judgment creditor of Isidore Marty, and therein he refers to the proceedings in the City Court from which it appears that, after the obtaining of judgment, supplementary proceedings were instituted resulting in an order which contained an injunction restraining Long from making any disposition of the policy. Against the objection of the plaintiff this affidavit was received and considered on the motion.

We have on several occasions lately called attention to this practice, which we think is bad and should not be encouraged, of permitting in support of a motion affidavits to be read and received which have not been served and which the person against whom they are used has had no opportunity of answering. (*Poillon* v. *Poillon*, 75 App. Div. 536; *Matter of Spofford Avenue*, 76 id. 90.)

Not only, however, upon the practice followed, but also upon the merits, we think this order must be reversed. It will be noticed that the original affidavit, even if we regard it as supplemented by the objectionable one permitted to be used upon the motion, is a mere naked allegation of adverse claim without any statement of

facts tending to show that such claim has any just or reasonable foundation to support it, or that defendant is unable to determine, without hazard to himself, to whom he can safely deliver the policy in question. The rule is well established that a plaintiff has a right to select the defendant whom he desires to sue, and however reluctant the latter may be to remain in the action, he has no right without good cause shown to apply to the court and, against the plaintiff's protest, have another and different defendant substituted in his stead.

Undoubtedly where good grounds are stated, requiring such substitution or necessitating that there should be an interpleader in the action, the court has power, but only upon a showing that it is necessary, to substitute in place of the one selected by the plaintiff, another and different party defendant. The essentials required for an order of interpleader have been many times stated. (See *Nassau Bank* v. *Yandes*, 44 Hun, 55; *Stevenson* v. *N. Y. Life Ins. Co.*, 10 App. Div. 233; *Wells* v. *National City Bank*, 40 id. 498; *Steiner* v. *East River Savings Inst.*, 60 id. 232; *Lateer* v. *Prudential Ins. Co.*, 64 id. 423.) In the *Nassau Bank Case* (*supra*) the court held that it cannot be said that all it is necessary to establish in order to justify an interpleader is that some claim had been presented, but "it is necessary, in addition, to prove that such claim had some reasonable foundation and that there was some reasonable doubt as to whether the stakeholder would be reasonably safe in the payment over of the money."

Here it appears that the policy came into the possession of Long as an officer of the United States District Court, and that by such court he has been directed to deliver it over to the plaintiff, and it is because of the refusal to obey such order that plaintiff, claiming ownership of the policy, seeks to obtain possession of it in this action of replevin. As against this we have the defendant, who, under the protection of the order of the District Court, could have safely delivered the policy to the plaintiff, applying for an order of interpleader to substitute as defendant a receiver in a judgment creditor's action, without any facts being presented to show in what way the receiver could be interested in contesting the plaintiff's title. For all that appears the policy might have been originally issued directly to the plaintiff, and thus the essential fact, which we

think should appear, that Marty ever had any title to the policy in question, is absent. On the merits, therefore, the papers being insufficient, the motion should have been denied.

Order accordingly reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.