## WELLS v. CORN EXCH. BANK.

(Supreme Court, Appellate Term. March 24, 1904.)

1. INTERPLEADER—CODE—RIGHTS OF PARTIES.

> In an action instituted in the City Court against a bank to recover the amount of a deposit assigned to plaintiff, it appeared that plaintiff did not make demand for payment until 12 o'clock noon on the day of the assignment, when payment was refused because at 11:05 o'clock on the same day the bank was served with summons in an action in the Supreme Court against it by one H., claiming the money and making the depositor a party defendant to the action. *Held*, that the claim of H. presented a question entitling the bank to an order of interpleader against H., under Code Civ. Proc. § 820, providing that a defendant, against whom an action to recover on a contract is pending may, on a showing that another has

¶ 4. See Evidence, vol. 20, Cent. Dig. § 96.

made a demand against him for the same debt, apply to the court for an order to substitute that person in his place, and that the court may make such order.

2. SAME—EQUITY JURISDICTION—RIGHTS OF APPLICANT.

Where a defendant is sued for the same debt by different parties plaintiff in two different courts, one of which has equity jurisdiction and the other has not, the application by the defendant for an order of interpleader to the court having no equity jurisdiction is properly denied, but the defendant will be remanded for the relief sought to the court which has such jurisdiction.

Appeal from City Court of New York, Special Term.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Bowers & Sands, for appellant.

Benno Loewy, for respondent.

BLANCHARD, J. This is an appeal from an order denying a motion to interplead one Lena Helene in an action brought in the City Court of the city of New York. It appears that one Fred J. Shalek had on deposit in the defendant bank the sum of $304.80, which he duly assigned to the plaintiff on the 30th day of January, 1904. When the plaintiff applied to the bank for the money, the bank refused to pay on the ground that an action in the Supreme Court had been brought against it by the said Lena Helene to recover the said money, in which suit the said Shalek was also a party defendant. Thereupon the plaintiff brought this action to recover the identical money which was claimed by Helene in the action brought in the Supreme Court. At this juncture of affairs, two courses were open to the defendant bank: It might have paid the money to either claimant, in which event it would have been compelled to defend against the other, or it might have asked for an order of interpleader, which it did.

The learned court below, in denying the motion, states in its opinion that "the claim of Lena Helene presents no question calling for an interpleader." I cannot agree with this contention. The record shows that the summons in the Helene action was served on the defendant bank at 11 o'clock and 5 minutes on the morning of January 30, 1904, and that the plaintiff did not present the assignment to the bank and demand payment of the money until 12 o'clock noon of that day—nearly an hour after the summons in the Helene action had been served. Here were certainly two claimants to the same fund, and I think an order of interpleader proper, under section 820 of the Code of Civil Procedure. In considering this section of the Code, the Court of Appeals, in Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991, states the material allegations for interpleader as follows:

"(1) That two or more persons have preferred a claim against the plaintiff; (2) that they claim the same thing; (3) that plaintiff has no beneficial interest in the thing claimed; (4) that he cannot determine, without hazard to himself, to which of the defendants the thing belongs."

All these requisites for interpleader are present in the case at bar. The contention that the assignment carried with it the ownership of the money may be sustained on the trial of the action, but it does not

defeat the right of interpleader, as the ownership of the money is the precise question at issue.

The remarks of the court in the case of German Exchange Bank v. Commissioners of Excise, 6 Abb. N. C. 394, 396, are in point:

"Merkle and Morrison have forbidden the bank to pay the moneys to Patterson and Morton, and the latter demand it. I do not deem it necessary to examine the validity of these respective claims, nor do I think that the plaintiff should be called upon to determine which of the contesting parties is entitled thereto. From the general nature of these adverse claims, the plaintiff should not be called upon to settle the controversy by paying one party, and exposing itself to an action from the other." Citing cases.

I am therefore of the opinion that, although this is a proper case for allowing an interpleader, the application for it should be made in the action brought by the judgment creditor, Helene, in the Supreme Court, as the granting of the motion for the interpleader in the City Court would have the effect of converting the plaintiff's action at law into one in equity (Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798; Dinley v. McCullaugh, 92 Hun, 454, 36 N. Y. Supp. 1007), and would oust the City Court of jurisdiction (Lawrence v. Lawrence, 32 Misc. 503, 66 N. Y. Supp. 393).

To secure a proper disposition of the matter, the order appealed from should be affirmed, without costs, with a stay of further proceedings in the action, except such as may be necessary to carry into effect the determination of this court on this appeal, with leave to the defendant bank to make an application for an interpleader to the Supreme Court within 10 days after entry in the City Court of the judgment upon this appeal. In case the defendant bank fails within the time specified to apply to the Supreme Court for an order of interpleader, the stay will be vacated, and the order appealed from will be affirmed, with costs. All concur.