(96 App. Div. 392.)
### HELENE v. CORN EXCHANGE BANK et al.

(Supreme Court, Appellate Division, First Department.   July 13, 1904.)

1. BANK—DEPOSIT—ADVERSE CLAIMS—INTERPLEADER.

An execution creditor sued a bank to establish his right to a deposit, held by the bank, belonging to the execution debtor. On the same day the payee of a check drawn by the depositor, on refusal of the bank to honor the check, sued the bank in another court for the amount of the deposit,

with interest thereon. *Held* a proper case for an order of interpleader at the instance of the bank.

2. SAME—DISHONOR OF CHECK—LIABILITY FOR INTEREST.

Where a bank refuses to pay a check presented for payment, when it has money of the depositor out of which payment should be made, it subjects itself to the payment of interest on the amount of the check until it complies with the demand.

3. SAME—ORDER OF INTERPLEADER—ERROR.

Where a bank is sued by adverse claimants to the same deposit, one of the claimants being the holder of a check which the bank refused to honor, and the suit of the claimant being for the amount of the deposit and interest, an order of interpleader discharging the bank on payment of the amount of the deposit into court, without requiring also payment of interest on the deposit, is erroneous.

4. SAME—PARTIES—APPLICATION FOR ADMISSION—STATUTE.

Where a bank is sued by an execution creditor of a depositor in the Supreme Court to recover the amount of the deposit, and also in the City Court by the payee of a check drawn against the deposit by the depositor, and the bank, to protect itself, asks leave of the Supreme Court to pay the amount of the deposit into court and be discharged, the action, being an equitable one, comes within Code Civ. Proc. § 452, providing that where a person not a party to the action has an interest in the subject-matter, and makes application to the court to be made a party, it must direct him to be brought in by proper amendment; and hence, a motion having been made to make the City Court plaintiff a party defendant to the Supreme Court action, it should have been granted, requiring the parties to determine the title to the fund, and enjoining the further prosecution of the City Court action.

Appeal from Special Term, New York County.

Action by Lena Helene against the Corn Exchange Bank and another. From an order interpleading and substituting Arthur Wells in place of the bank, Wells appeals. Modified.

See 87 N. Y. Supp. 480.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Benno Loewy, for appellant.

Harry N. Avery, for respondent bank.

Bernard G. Heyn, for respondent Helene.

HATCH, J. The defendant the Corn Exchange Bank had upon deposit to the credit of Fred J. Shalek on the 30th of January, 1904, $304.80. Some time prior thereto Lena Helene procured a judgment against Shalek, and, an execution having been returned unsatisfied, Helene thereafter served the bank with an order for its examination in proceedings supplementary to execution. Upon the return of this order, at 10:30 o'clock a. m., Saturday, January 30, 1904, an application was made by the attorney for Shalek to vacate the same, the application was granted, and an order to that effect was immediately signed, with leave for the plaintiff to renew his application for another order. Shalek, with his attorney and Arthur Wells, immediately went to the Twenty-Eighth Street Branch of the Corn Exchange Bank, and there demanded that the bank should certify a certain check drawn by Shalek to the order of Wells, or that it pay over the money deposited as aforesaid on account of another check drawn to

the order of bearer. Prior to the making of such demand, the summons in this action was served upon the bank, and the bank was then notified that the plaintiff herein was entitled to all of said deposit by virtue of the execution which she held against Shalek, and that this action, in which the summons only was served at that time, was brought for the purpose of establishing her right thereto. Upon the same day Wells brought an action in the City Court against the Corn Exchange Bank to recover the said sum of $304.80, with interest thereon, on account of the refusal of the bank to honor the check which he had presented as aforesaid. The bank then made a motion in the City Court asking that the said Lena Helene be substituted in the place and stead of it upon its paying the money into court. This motion was denied, and from the order thereupon entered the bank appealed to the Appellate Term of the Supreme Court (87 N. Y. Supp. 480), which sustained the decision of the court below, and in its opinion stated that the motion for interpleader ought to be made in the action brought by Lena Helene. Thereupon the bank made a motion for interpleader in this action, which motion was granted, the order providing that Arthur J. Wells be interpleaded and substituted in the place and stead of the Corn Exchange Bank, and that this action be discontinued against the bank, without costs, upon its paying over and depositing with the chamberlain of the city of New York the sum of $304.80, to be deposited to the credit of this action. And it was further ordered that all proceedings in the action now pending in the City Court, entitled "Arthur Wells, Plaintiff, against the Corn Exchange Bank, Defendant," be stayed.

There is no basis for the contention that an order of interpleader cannot be made in such a case as is presented by this appeal. The summary proceeding under the Code is a substitute for the common-law action of interpleader (Burritt v. Press Pub. Co., 19 App. Div. 609, 46 N. Y. Supp. 295), and, where facts exist which would support such an action, the Code provision applies (Stevenson v. New York Life Ins. Co., 10 App. Div. 233, 41 N. Y. Supp. 964). The moving party is required to show that two persons have preferred a claim against the party; that the defendant has no beneficial interest in the thing claimed, and cannot determine without hazard to itself to whom the debt should be paid; and that there is no collusion with any party to the action. When these facts appear, the order of interpleader will be upheld. Chapuis v. Long, 77 App. Div. 272, 78 N. Y. Supp. 1046. The difficulty with the present order lies in the fact that the bank is not required to protect Wells to the full extent of his claim. If, when he made his demand upon the bank for the payment of the money, he was entitled thereto, the bank was in duty bound to pay it to him, and by its refusal to pay it subjected itself to the payment of interest until it should comply with the demand. The judgment which Wells demands in his complaint is for the amount of the fund on deposit, with interest thereon from the 30th day of January, 1904, and, if entitled to the money, he is entitled to interest thereon as well as to the principal, not as matter of discretion, but as matter of law. Mansfield v. New York Cent. & H. R. R. Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566. By the order of interpleader the bank is discharged

upon paying over and depositing with the chamberlain of the city of New York the sum on deposit, $304.80, and no more. If Wells succeeds in the action, the fund thus directed to be deposited will be insufficient to pay the amount of the judgment to which he is entitled, or to pay the amount which he was entitled to receive at the time the order directing the interpleader and the payment was made. The bank cannot be discharged from liability without paying the sum which the party is entitled to recover at the time when the order for interpleader is granted. This it has not been required to do. We think, however, that upon the facts stated the court should have granted the motion to make the plaintiff in the City Court action a party defendant, requiring the parties in this action to determine the title to the fund on deposit with the defendant, and to enjoin the further prosecution of the action in the City Court. The action is a judgment creditors' action to reach the sum deposited with the defendant the Corn Exchange Bank to the credit of the defendant Shalek, and that the amount of such deposit be applied to the plaintiff's judgment. The plaintiff in the City Court suit seeks to recover from the defendant the same deposit, based upon an assignment of the account by Shalek to the plaintiff in the City Court action. The action, therefore, being an equitable action, its object being solely to determine to whom this fund on deposit with the defendant bank should be paid, the bank conceding that it owes this money to some one, but alleging that by the action in the Supreme Court the plaintiff obtained an equitable lien upon the money, represented by the deposit, which was superior to the claim of the plaintiff in the City Court action arising out of the assignment of the fund by the judgment debtor to the plaintiff in that action, the case comes within section 452 of the Code of Civil Procedure, which provides that:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

Here the question is as to the title to this fund on deposit with the defendant. It is quite apparent that the court cannot determine whether that fund shall be paid over to the plaintiff, unless the other party claiming it is a party to the action, without injustice to the defendant bank.

The order should therefore be modified by making this claimant in the City Court action a party defendant to this action, requiring the plaintiff to serve an amended summons and complaint bringing him in, and enjoining him from further proceeding in the City Court action; no costs of this appeal allowed to either party. All concur.