MARTHA STRONGE, Appellant, *v.* THE SUPREME LODGE, KNIGHTS OF PYTHIAS, Respondent.

1. MUTUAL BENEFIT ASSOCIATION — WHEN INSURED CANNOT DESIGNATE NEW BENEFICIARY. Where a certificate in a mutual benefit life insurance association is taken out for the benefit of the person named therein and delivered to her in consideration of an agreement which has been fully performed by the beneficiary, the insured cannot destroy the rights of such beneficiary, without her consent, by canceling her designation as beneficiary and procuring a new certificate to be issued to another beneficiary, notwithstanding the by-laws of the association provide that a change of beneficiary may be made at any time and as often as required by the insured without the consent of any existing beneficiary. Such provisions relate to a case in which the designation has been made voluntarily and gratuitously, but have no application to a case where the beneficiary has acquired rights in and under the certificate for a valuable consideration.

2. DEFENSE THAT BENEFICIARY IS NOT PROPER PERSON TO BE NAMED AS SUCH. A contention that the beneficiary, as sister-in-law of the insured, was not a proper person to be designated as beneficiary, is untenable as a defense where the certificate, upon its face, disclosed her relationship and the association, having issued the certificate to her, has received payments of dues thereunder.

*Stronge* v. *Knights of Pythias,* 111 App. Div. 87, reversed.

(Submitted May 30, 1907; decided October 15, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1906, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. Livingston Samuels* for appellant. Irvine, having designated the plaintiff as his beneficiary for a valuable consideration passing from her, had no right to revoke such designation and substitute another beneficiary in her place. (*Smith* v. *N. B. Society,* 123 N. Y. 85; *Conselyea* v. *Supreme*

*Council,* 3 App. Div. 464; 157 N. Y. 719; *Webster* v. *Welch,* 57 App. Div. 558; *Supreme Council R. A.* v. *Tracy,* 169 Ill. 123; *Supreme Council* v. *Murphy,* 55 Atl. Rep. 497; *Lahey* v. *Lahey,* 174 N. Y. 146.) The refusal of the board of control to assent to a change of beneficiary as required by the by-laws is fatal to the attempted change. (*People* v. *City of Syracuse,* 59 Hun, 267; *Reynolds* v. *Bd. of Education,* 33 App. Div. 95; *Kemper* v. *Modern Woodmen of America,* 78 Pac. Rep. 452; *Sterling* v. *Head Camp,* 80 Pac. Rep. 375; *Taylor* v. *Grand Lodge,* 75 Hun, 612; 148 N. Y. 751; *Roblee* v. *Masonic Assn.,* 38 Misc. Rep. 481; 95 App. Div. 620; *Coyne* v. *Bowe,* 23 App. Div. 261; 161 N. Y. 633; *Armstrong* v. *Warren,* 83 Hun, 217, 219; *Canavan* v. *J. H. M. L. Ins. Co.,* 39 Misc. Rep. 782; *Newman* v. *J. H. M. L. Ins. Co.,* 45 Misc. Rep. 320.) Plaintiff having a vested right under her contract with Irvine, the question as to whether the latter complied with the rules of the defendant in endeavoring to effect a change of beneficiary is immaterial. (*Lahey* v. *Lahey,* 174 N. Y. 153.) The plaintiff being a relative by marriage of Irvine (being a sister of his wife), was properly designated as a beneficiary under defendant's by-laws. (*Bennett* v. *Van Riper,* 47 N. J. Eq. 563; *Simcoke* v. *Grand Lodge A. O. U. W.,* 84 Iowa, 383; *Renner* v. *Supreme Lodge, etc.,* 89 Wis. 401; *Smith* v. *P. M. B. Society,* 64 Hun, 534; *Kimball* v. *Lester,* 43 App. Div. 27; *Tramblay* v. *Supreme Council,* 90 App. Div. 39; *Coulson* v. *Flynn,* 181 N. Y. 62.)

*James C. de La Mare* for respondent. The certificate and constitution and general laws of defendant constituted the contract between it and John M. Irvine, and is binding on him and his beneficiary. (*Lahey* v. *Lahey,* 174 N. Y. 146; *Matter of Equitable Reserve Fund Co.,* 131 N. Y. 354; *Sabin* v. *Phinney,* 134 N. Y. 423; *People* v. *Life & Reserve Assn.,* 150 N. Y. 94; *Collins* v. *Collins,* 30 App. Div. 341; *Kimball* v. *Lester,* 43 App. Div. 27.) The plaintiff had no vested right in the certificate, and whatever right she had was

subject to revocation by Irvine. (*Smith* v. *Nat. B. Society*, 123 N. Y. 85; Niblack on Ben. Soc. § 212; Bacon on Ben. Soc. §§ 289, 295; *S. M. Society* v. *Burkhart*, 110 Ind. 189; *Sabin* v. *Phinney*, 134 N. Y. 423; *Steinhauser* v. *M. A. Assn.*, 59 Hun, 336; *Lawler* v. *N. L. Assn.*, 83 Hun, 393.) The designation of plaintiff as a beneficiary was void because she was not related to Irvine or dependent upon him for support. (Bacon on Ben. Soc. § 252; *Paddock* v. *Wells*, 2 Barb. Ch. 331; *Carman* v. *Newell*, 1 Den. 25; *Cain* v. *Ingham*, 7 Cow. 478; *Bishop* v. *Grand Lodge*, 112 N. Y. 627.)

HISCOCK, J.    While the courts below have taken a different view, we regard the controlling question in this case the one whether a member of a mutual benefit association may so procure a beneficiary to be designated and a certificate to be issued to him for a valuable consideration that the member will by such latter circumstance be prevented from exercising the privilege ordinarily possessed in such an association of changing his beneficiary as often as desired.

Our view is that he will be prevented from changing and canceling the designation of the beneficiary who has been made such for a valuable consideration.

The facts which present and lead to the consideration of this question are as follows:

One Irvine was a member of the Endowment Rank, Knights of Pythias. He was living in New York and was seriously sick. He made an agreement with his sister-in-law, the appellant, which is evidenced by the testimony of herself and her husband and by some other testimony, that if she and her husband would give up their home in New York and take a cottage in New Jersey and take him along, and if the appellant would nurse and take care of him while he chose to remain with them, he would make her the beneficiary in his certificate in the association in question. This arrangement was carried out and while Irvine desired to, he lived with his sister-in-law and was nursed and cared for by her. A few days after the agreement was made the certificate in suit was

taken out naming appellant as beneficiary and was delivered
to her and ever since has remained in her possession.

Subsequently Irvine went to Texas and thereafter attempted
to cancel the designation of appellant as beneficiary and to
substitute another person. The by-laws of the association pro-
vided that a change of beneficiary might be made at any time
and as often as desired, the consent of existing beneficiaries
not being required; also, in substance, that the application
for change should be made to and passed upon by the "Board
of Control," and "in case a member desiring to change his
beneficiary should (shall) be unable to surrender the original
certificate then in force by reason of any act or refusal of the
beneficiary named therein or fraud or other cause, the Board
of Control might (may) issue a new certificate on proof of the
facts by affidavit of the member and the execution by him of
such instruments of release or indemnity as should (shall)
be deemed necessary." The certificate issued to appellant
provided "that the beneficiary herein designated shall acquire
no interest whatever in the certificate nor in the indemnity
fund until the benefit shall have lawfully accrued by reason
of the death of said member, and no subsequent change in the
beneficiary shall have been made." When Irvine attempted to
cancel the designation of appellant and designate a new bene-
ficiary, the latter refused to give up the certificate which had
been delivered to her and, therefore, the former was unable to
comply with the regulations of the association by delivering
the old certificate in connection with his application for a new
one. He, however, submitted such letters and affidavits that
in accordance with the by-laws he would naturally be entitled
to a new certificate upon giving indemnity, and he was
informed that if he would forward a bond in an amount speci-
fied his application for a new certificate would doubtless be
passed upon favorably. He died, however, before complying
with this requirement.

It has been claimed and thus far held in effect that Irvine
had a perfect right to designate a new beneficiary; that he
did all that was in his power to accomplish such new designa-

tion, and that he was prevented from complying with the requirement for a surrender of the old certificate by the wrongful refusal of the appellant to deliver the same up, and that within the principles of *Lahey* v. *Lahey* (174 N. Y. 146) such wrongful act of appellant should not be allowed to prevent the new designation, but that the same should be regarded as having been made.

It is urged in behalf of the appellant in this connection that this case differs from the *Lahey* case in that Irvine had the right which the member there did not have of securing a new designation in spite of the fact that he did not produce the old certificate by giving a bond of indemnity, and that, therefore, his application should not have the benefit of the principles which were applied in that case. It is also said that the person whom Irvine desired to designate in the place of appellant did not occupy such relationship to him as would permit her designation. Because of the view which we take upon the other question already mentioned we shall assume without now deciding that Irvine desired to designate a proper person, and that what he did and attempted to do in the way of making such designation would have brought him within the principles of the *Lahey* case if appellant's conduct in refusing to give up her certificate was without justification and wrongful. Of course, if it was not without justification and wrongful, then the fundamental fact is lacking which served as the basis for the *Lahey* decision, and so we come directly to the consideration of her conduct.

As we judge of the proceedings upon the trial there was no dispute either in testimony or argument that the contract claimed in behalf of appellant with Irvine was made. The case was apparently tried by the counsel for the respondent, as it has thus far been decided, upon the theory that such contract was immaterial. There was no cross-examination either of the appellant or of her husband upon this point. As already stated, their evidence was corroborated by other testimony and circumstances. It is true that respondent put in evidence without objection some letters by Irvine to the

association which denied appellant's present claim that she
acquired the certificate for value. These documents, how-
ever, were competent evidence under the other defenses
urged by respondent, and they were received after the state-
ment by its counsel that "We have no evidence to contradict
it," that is, the claim of a designation for value. The latter
evidence, therefore, which was purely hearsay and incompe-
tent upon this point, is not to be regarded as offered for the
purpose of contradicting appellant's testimony. (*Dayton* v.
*Parke*, 142 N. Y. 391, 396–7; *Lehman* v. *Frank*, 19 App.
Div. 442, 444.)

In fact we do not understand it to be claimed upon this
appeal that there was any issue of fact, and we think we are
fully justified in regarding it as established as a matter of
law that the contract claimed by appellant was made. (*Hull*
v. *Littauer*, 162 N. Y. 569, 572; *Second Nat. Bank of
Morgantown* v. *Weston*, 172 N. Y. 250, 258.)

Thus assuming that a contract was made by a member for
a valuable consideration to take out a certificate for the bene-
fit of appellant, it seems to us very clear that after the cer-
tificate has been taken out and the consideration fully fur-
nished by the beneficiary, the member will not be allowed to
destroy the rights of his creditor by a new certificate naming
a new beneficiary. We do not regard the by-laws and pro-
visions of the certificate or the authorities called to our atten-
tion providing for and upholding the right of a member to
change the designation of his beneficiary as often as desired
without the consent of the latter as at all applicable to such
a case as this. They relate to a case where voluntarily and
gratuitously designation has been made of a beneficiary who,
in the language of the certificate, has acquired "no interest
whatever in the certificate nor in the indemnity fund." But
can there be any doubt that a member of one of these asso-
ciations might say to a person that if the latter would loan
him a thousand dollars he, the member, would take out a cer-
tificate designating the creditor as beneficiary as security for
such loan, such designation not to be canceled or changed

without the consent of the creditor, and that this contract and agreement would estop and prevent the member from changing the designation whatever might be the ordinary privileges and regulations as between him and the association when no rights of a third party had intervened? While the agreement detailed by appellant is not in terms as complete as the one assumed, we think it is just as effective, because what the parties have omitted specifically to say as between themselves the law says for them. Irvine agreed that he would procure the certificate to be issued designating appellant as beneficiary if she and her husband would establish a new home, take him with them and care for and nurse him in his sickness. The appellant performed her part of the contract and Irvine performed his so far as procuring the certificate to be issued was concerned, and the law now prohibits him from destroying the rights which appellant has acquired in the certificate for a valuable consideration.

Independent, however, of any original reasoning which may be indulged in upon this proposition, the decisions already made seem clearly to establish the rights of appellant as claimed by her.

In *Conselyea* v. *Supreme Council Am. L. of H.* (3 App. Div. 464; affirmed, without opinion, 157 N. Y. 719) it appeared that the certificate had been issued to the husband for the benefit of his wife, the plaintiff, as part of a separation agreement, the husband agreeing not to change the beneficiary named in the certificate, and the wife agreeing to maintain the insurance, which she subsequently did. In violation of his agreement the husband endeavored to withdraw from the council and surrender his benefit certificate. It was held that this attempt was in violation of the laws of the council, but it was also held that the certificate had passed into the possession of the plaintiff under circumstances which vested the title thereto in her for value, and that her rights in and to the certificate having been secured for value she could not be deprived of them in the absence of any law of the order which, regardless

of her equities and legal rights, would destroy the validity of the certificate.

In *Webster* v. *Welch* (57 App. Div. 558) a mutual benefit insurance company had issued a certificate upon the life of the deceased in favor of one of his daughters, naming her as the sole beneficiary under an agreement that she should care for her father during life, which agreement was carried out. Subsequently the deceased procured the issue of new certificates, which changed the designation of the beneficiary. It was held that the daughter acquired a vested interest in the certificate, and that she could not be deprived of that interest by subsequent changes procured by the member in derogation of her rights.

In *Smith* v. *National Benefit Society* (123 N. Y. 85) it was held that the provision of the statute (Laws of 1883, chap. 175) providing for the incorporation of co-operative life insurance societies, which declares that membership in such a society gives the member the right to make a change in his payee or beneficiary without the consent of such payee or beneficiary, applies simply when the original designation is in the nature of an inchoate or unexecuted gift and does not prevent a contract between the member and the payee by which a vested right passes to the ·latter, and in such case, without his consent, the payee may not be changed. In that case the member made an agreement with his creditor to the effect that he would secure his debt by an insurance on his life and then became a benefit member of a corporation organized under the act above mentioned, and by the certificate issued to him the society agreed to pay the sum insured to the creditor, and it was held that the latter stood as an assignee of the policy and that the transfer was not revocable.

The case of *Lahey* v. *Lahey* (*supra*), especially relied upon by the respondent in this case as affirming the right of a member in a mutual benefit association to procure a new certificate and designate a new beneficiary after a former certificate has been issued and a former beneficiary has been designated, expressly recognizes the principle determined by the fore-

23

going cases, and that a beneficiary may be so designated for a valuable consideration that his rights may not be subsequently cut off by a new designation. Judge MARTIN writing for the court says : " She (the respondent who was claiming a designation under much the same circumstances as apply to appellant), however, contends that the right to change the beneficiary in a certificate, like every other valuable right, may be sold or transferred, and when transferred for a valuable consideration the insured loses the right to transfer it to others. (Citing cases already cited.) In those cases it was held that the statute which gave to a member the right to make a change in the beneficiary without the consent of the latter, applies only when the original designation is in the nature of an inchoate or unexecuted gift, and does not prevent a contract between the member and his beneficiary by which a vested right passes to the latter, and in such case, without his consent, the beneficiary may not be changed. The cases cited are clearly distinguishable from the case at bar in that in the former the beneficiary became such for a valuable consideration and the association issued a certificate to such beneficiary, while in this case, although the court has found that the mother paid a valuable consideration for a transfer of the certificate or a portion of its benefits, still no certificate was ever issued to her, nor was the certificate which was issued and made payable to the plaintiff ever canceled, so that she ceased to be a beneficiary under it.".

We do not regard as well made the contention of respondent that appellant, as a sister-in-law of Irvine's, was not a proper person to be designated as beneficiary. The certificate upon its face disclosed her relationship, and the association having issued it to her and received payments of dues thereunder is now in no position to assert any such defense as is suggested.

Thus we conclude that not only was the refusal of appellant to surrender the old certificate not wrongful, so as to excuse the non-performance by Irvine of certain acts otherwise essential to the issue of a new certificate, but Irvine was

not entitled to have a new certificate issued as against appellant even if he had complied with respondent's regulations.

The judgment of the Appellate Division should be reversed and a new trial granted, with costs in both courts to abide event.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, WERNER and CHASE, JJ., concur.

Judgment reversed, etc.