## CALLAHAN v. SUPREME TENT OF KNIGHTS OF MACCABEES OF THE WORLD.

### MICHEL v. SAME.

(Supreme Court, Special Term, Monroe County. January 22, 1910.)

1. INTERPLEADER (§ 8*)—GROUNDS—CONFLICTING CLAIMS.

Defendant, a mutual benefit insurance company, issued a certificate payable to insured's wife, and thereafter, upon insured's application before his wife's death, a new certificate was issued payable to his sister as beneficiary, but the old certificate was not surrendered, and remained in the wife's possession. Insured's wife predeceased him. His sister sued for the proceeds of the certificate, and the executrix of his wife also sued therefor, claiming that the wife had a vested interest in the first certificate by reason of an agreement by insured to have the certificate made payable to her in consideration of her paying the premiums and assessments, which she did. Held, that there was some reasonable doubt whether defendant could safely pay the insurance money to the sister, so that it was entitled to have plaintiffs interpleaded as adverse claimants and be discharged from liability.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 9; Dec. Dig. § 8.*]

---

2. INSURANCE (§ 783*)—MUTUAL BENEFIT INSURANCE—CHANGE OF BENEFICIA-
RIES—RIGHT—VESTED INTEREST.

If insured agreed to make a mutual benefit certificate payable to his
wife as beneficiary in consideration of her paying the premiums and as-
sessments thereon, and she did so, the husband could not change bene-
ficiaries, so as to deprive his wife of the benefits of the contract, at least
in her lifetime.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1949; Dec. Dig.
§ 783.*]

3. APPEAL AND ERROR (§ 187*)—OBJECTIONS—PRESENTATION BELOW.

In an action by conflicting claimants to recover upon a mutual benefit
insurance certificate, in which defendant moved to interplead claimants
and to be discharged, plaintiff cannot first claim in his brief that notice
of motion was insufficient for not asking that the adverse claimant be
substituted in its place, as required by Code Civ. Proc. § 820, where the
question was not raised upon argument of the motion on the merits; plain-
tiff not being misled as to the nature of the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1184;
Dec. Dig. § 187.*]

Actions by Cammilla Callahan and by Minnie C. Michel, as execu-
trix of Sophia Mary Callahan, against the Supreme Tent of the
Knights of the Maccabees of the World. Motion by defendant to
pay into court the amount claimed by plaintiffs, and that it be dis-
charged from liability. Motion granted on terms stated.

Elmer E. Wyckoff (Geo. D. Forsyth, of counsel), for plaintiff Calla-
han.

Love & Keating, for the motion.

John Van Voorhis' Sons, opposed.

FOOTE, J. The defendant is a mutual benefit insurance company.
The late George C. Callahan was a member of defendant, and to him
was issued a beneficiary certificate payable to his wife, Sophia Mary
Callahan, upon his death, to the amount of $2,000. Said Callahan
undertook to change the beneficiary, and on his application defendant
issued a new certificate on the 25th day of January, 1909, designating
his sister, the plaintiff Cammilla Callahan, as beneficiary. The old
certificate, however, was not surrendered, but remained in the custody
of his wife, Sophia Mary Callahan, who died on the 12th day of May,
1909. George C. Callahan survived her, and died on the 17th day of
July, 1909.

Plaintiff Minnie C. Michel is the executrix of the last will and testa-
ment of said Sophia Mary Callahan, and brings the action in which
she is plaintiff to recover the $2,000 insurance upon the ground, as
she alleges, that the original certificate was issued under an agreement
between her said testatrix and her husband, George C. Callahan, by
which she was to be designated as beneficiary, and in consideration
thereof to pay the premiums and assessments, and that she did, in fact,
pay all said premiums and assessments. The claim is that this agree-
ment and its fulfillment by Sophia Mary Callahan, the wife, gave the
wife a vested interest in this insurance, which deprived the husband of
the right or power to change the beneficiary, and that, as the defendant
company had notice of her rights in this respect, the attempt to sub-

stitute the plaintiff Cammilla Callahan, the sister, as beneficiary, was ineffectual, and that this vested interest of the wife survived her death, and the right to the insurance money passed under her will, and that the same is now recoverable by her executrix.

Plaintiff Cammilla Callahan, the sister, on the other hand, contends that under the statutes and the form of the contract the right of the wife to the insurance money was contingent upon her surviving her husband, and, as she did not survive him, the court should determine upon this motion that her executrix has no claim of sufficient foundation to justify an interpleader.

I think it cannot be said that the claim of the executrix here has not some reasonable foundation, and that there is, in fact, some reasonable doubt as to whether defendant would be reasonably safe in paying over the money to the sister. That being so, it is a proper case for interpleader. Chapius v. Long, 77 App. Div. 272, 78 N. Y. Supp. 1046, and cases cited in the opinion of O'Brien, J.; McCormick v. Supreme Council, etc., 6 App. Div. 175, 39 N. Y. Supp. 1010; Webster v. Welch, 57 App. Div. 558, 68 N. Y. Supp. 55.

If the alleged agreement between George C. Callahan and his wife was actually made, and the wife performed it upon her part, it seems to be settled that the husband could not deprive her of the benefit of that contract, at least in her lifetime. Stronge v. Knights of Pythias, 189 N. Y. 346, 82 N. E. 433, 12 L. R. A. (N. S.) 1206, 121 Am. St. Rep. 902. But whether she acquired such a vested interest in the policy as to survive her death is not so clear; but it is such a debatable question as that defendant company ought not to be compelled to decide it at its peril, so long as it stands ready to pay the amount of the insurance, and seeks only to be protected in paying it to the party having the best right to it. It is not claimed that the defendant is liable to both parties, and it seems just and equitable that these rival claimants should litigate the matter as between themselves. This is no hardship to the plaintiff Cammilla Callahan, who alone opposes this motion; for, if the contention of her counsel is sound, she will succeed upon demonstrating that, as matter of law, no right or interest in this insurance money in favor of the wife survived her death.

In the brief of the learned counsel for the plaintiff Callahan, the point is made that defendant's notice of motion is insufficient, in that it does not distinctly ask that the adverse claimant be substituted in its place, as required by section 820 of the Code of Civil Procedure. No such point was made upon the argument of the motion. The motion is entitled in both actions, and was fully argued by counsel upon the merits, and has since been submitted upon elaborate briefs. Under these circumstances, I think the objection comes too late, and that counsel was not misled as to the nature of the motion, and that substitution of parties was to be asked for is necessarily implied from the nature of the motion and the facts set forth in the affidavit upon which it is founded.

An order may be made permitting the defendant to pay into court the full sum of $2,000, with the interest claimed thereon, and discharging the defendant from further liability to either of the plain-

tiffs, and that the plaintiffs be substituted, respectively, in the place and stead of the defendant in the actions. But, as the defendant is a foreign corporation, the condition is imposed that it deposit with the clerk of this court, for the use of the parties upon the trial, all documentary evidence in its possession of the facts at issue in these actions, ·including the proofs of death, proofs of claim, original certificates and notices, and all other correspondence and papers relating to the matters in interest. The form of the order to be settled upon two days' notice.