WILLIAM NELSON CROMWELL and Others, Respondents, *v.* THE AMERICAN LOAN AND TRUST COMPANY, ROWLAND N. HAZARD and Others, Appellants, Impleaded, etc.

*Bill of interpleader — a receiptor to the sheriff for the goods in dispute cannot bring a suit in the nature of interpleader against other parties to determine the title to the goods.*

A party who is in the position of a receiptor to the sheriff, who has made a valid levy upon a certain stock of goods, and is, therefore, a bailee thereof, cannot by filing a bill of interpleader compel other parties to come into court and litigate their claims with the sheriff. Such a party does not stand in the position of a person who has come into the possession of property innocently, and has been unexpectedly assailed, without any instrumentality on his part, by different claimants of the property.

Appeal by the defendants Rowland N. Hazard and the American Loan and Trust Company from an interlocutory judgment overruling the demurrer of said defendants, entered in the office of the clerk of the county of New York on the 24th day of February, 1890, after a hearing at a Special Term of the Supreme Court held in the city of New York.

*Crane & Lockwood*, for the appellants.

*W. J. Curtis*, for the respondents.

Van Brunt, P. J.:

This action was brought by the plaintiffs for interpleader concerning 100 shares of the capital stock of the Mann Boudoir Car Company.

The complaint alleged the copartnership of the plaintiffs; the incorporation of the American Exchange in Europe; the appointment of a receiver of the Exchange; the incorporation of the defendant, the American Loan and Trust Company, and the fact that the defendant Grant was sheriff of the city and county of New York prior to the 1st of January, 1889. The complaint then alleges the making of certain promissory notes by one Eugene D. Mann and W. D. Mann and the indorsement and delivery thereof to the American Exchange, and that the Agawam National Bank became

the owners thereof; that the notes were not paid at maturity and actions were brought upon them and judgments recovered and executions issued to the sheriff of the city and county of New York, which executions are still outstanding and unsatisfied.

That prior to the delivery of the two notes to the American Exchange in Europe, said defendants Mann, as security for the payment thereof, and of any other indebtedness, delivered 100 shares Mann Boudoir Car Company stock to said American Exchange in Europe, which was issued to defendant Pippey, and whose indorsement in blank was and is on the back thereof; that when the notes were delivered to the Agawam Bank the stock was also delivered as security therefor, and the interest of the American Exchange in Europe therein was assigned to said bank.

That subsequently the plaintiffs received said 100 shares of stock from said American Exchange, which corporation then held said stock as agents of the Agawam National Bank; that thereafter said judgments were duly assigned by the bank to one of the plaintiffs, Curtis, in trust for the benefit of said American Exchange; that thereafter, at the request of the said American Exchange, the plaintiffs delivered said stock to the defendant Hazard as security for a loan; that thereafter Hazard delivered said stock to the plaintiffs for the purpose of having the same levied upon by the sheriff of the city and county of New York, acting under and by virtue of the executions upon said judgment obtained in favor of the Agawam Bank against the defendants Mann; that thereupon the sheriff levied upon said stock then in the possession of the plaintiffs, who gave to the sheriff a receipt therefor, which receipt the sheriff now holds; that although the levy still exists as a valid levy, and although said executions are still outstanding in the hands of the sheriff, said stock has never been sold; that the receiver of the American Exchange has demanded said stock from the plaintiffs, and that the defendant, the American Loan and Trust Company, has demanded said stock from the plaintiffs, claiming that it was deposited by said American Exchange as collateral to a loan; that the defendant Pippey claims to be the legal owner of said stock and has demanded the delivery thereof to him; that defendants Mann claim the right to redeem said stock on payment of the amount of said judgments and interest, and that the said stock should be

delivered to them; that plaintiffs have attempted to ascertain the true and lawful owner of said stock, but have not been able to determine the same.

The complaint further alleges that, by reason of the premises, and of the conflicting claims to and liens upon said stock, the plaintiffs are ignorant of the respective rights of the said several defendants to said stock, and do not know to whom the same should be delivered, and cannot safely determine for themselves the said claims or deliver the said stock, and that they cannot safely deliver said stock to either of the defendants without the decree of the court directing to whom such delivery shall be made; and that the plaintiffs have no claim, interest or lien upon said stock, and are ready and willing to deliver the same to such persons as the court shall decree, and it asks relief that the defendants may be restrained by injunction from bringing any suit in respect to this stock against the plaintiffs.

The defendants, the American Loan and Trust Company and Hazard, demurred to the complaint; the demurrer was overruled, and from the judgment thereupon entered this appeal is taken.

It seems to be assumed, upon the part of the counsel, that this is either a bill of interpleader or a bill in the nature of interpleader. Unless this concession had been made, it might be doubtful as to whether this complaint could be construed as a bill in the nature of an interpleader. Considering the pleading as it has been construed by the counsel in their presentation of this appeal, we do not see how the action can be maintained. The plaintiffs did not stand indifferent as between the defendants. They have assumed a contractual relation to the sheriff; have agreed to hold the stock for him; have alleged that the sheriff has made a valid levy upon the stock and that they are holding the same as receiptors. They are, therefore, bailees thereof, and we do not understand that where such a relation exists, that such bailees can compel other parties to come into court and litigate their claims with their bailor. The plaintiffs have voluntarily placed themselves in this position. One of the plaintiffs was the assignee of the judgments upon which the executions were issued to the sheriff; and for the purpose of subjecting this stock to a levy under execution they accepted the custody of the stock and notified the sheriff to make his levy. This was

evidently done for the purpose of anticipating other claims against the stock, and it is clear, therefore, as already stated, that the plaintiffs did not stand indifferent between these parties, but have been assisting the one to the detriment of the other. They do not stand in the relation of persons who have come into the possession of property innocently, and have been unexpectedly assailed without instrumentality of theirs by different claimants.

It appears from the allegations in the complaint, as far as some of these claims are concerned, that they were the active agents who created them, brought them into being, and it is difficult to see how they can now escape the responsibilities arising from their creation.

The judgment should be reversed, with costs to the appellants; the plaintiffs to be at liberty to amend on payment of the costs of the court below and of this appeal.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, with costs to the appellants; the plaintiffs to be at liberty to amend on payment of costs of the court below and of this appeal.