SECOND DISTRICT—MARCH, 1910.     465

Supreme Council of the W. C. U. v. Murrin, 154 Ill. App. 465.

## Supreme Council of the Western Catholic Union, Appellant, v. Jennie Murrin et al., Appellees.

### Gen. No. 5277.

1. FRATERNAL BENEFIT SOCIETIES—*when but one liability.* If there was but one membership in the society and but one set of premiums paid, there can be but one liability by the society.

2. INTERPLEADER—*when bill lies.* The equitable remedy of interpleader depends upon and requires the existence of the following four elements: "First, the same thing, debt or duty must be claimed by both or all parties against whom the relief is demanded; second, all their adverse titles or claims must be dependent upon or be derived from a common source; third, the person asking the relief—the plaintiff—must not have or claim any interest in the subject-matter; fourth, he must have incurred no independent liability to either of the claimants—that is, he must stand perfectly indifferent between them, in the position, merely, of a stakeholder."

Bill of interpleader. Appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

McENIRY & McENIRY, for appellant.

J. T. and S. R. KENWORTHY and SEARLE & MARSHALL, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

On March 31, 1902, one John J. Murrin, then unmarried, was admitted a member of the Supreme Council of the Western Catholic Union, appellant, a fraternal life insurance company organized under the laws of Illinois, and it issued to him a certificate of insurance for $2,000 payable at his death to his sister, Jennie Murrin, one of the appellees. He afterwards married, and died April 15, 1907, leaving a widow, Carrie Murrin, the other appellee. The certificate

was then in force and the sister presented the proofs of his death and demanded the $2,000. The widow also demanded the $2,000 basing her claim on section four of the company's constitution and by-laws which provides that ''benefit certificates shall be made payable only to the wife or children. In case there be no wife or children then to any of his heirs, blood relations or to persons depending upon the member.'' The president of the company wrote to an officer of its local branch at Rock Island acknowledging the receipt of the claim of the sister and stating also that he had received a letter from the attorneys of the widow saying that she demanded the benefits. The letter also contained the following, ''Now if Brother Murrin leaves a widow, then we will have to pay to her the amount of the benefit certificate.'' The officer of the local branch acquainted the sister with the contents of the letter, and advised her that it would be better for her and better for the widow if they would settle between themselves. September 5, 1907, the widow brought suit in the Circuit Court of Rock Island county to recover the $2,000. September 6, 1907, the sister brought suit in said court to recover the $2,000; and at the January term 1908, the company filed a bill of interpleader, setting up the above facts and making the plaintiffs in the suits at law, Carrie Murrin and Jennie Murrin, defendants thereto and asking that they be required to litigate their claim. The bill also alleged that the demand of the sister and that of the widow were the same demand arising by virtue of the certificate issued to John J. Murrin, and that the company was ready to pay the amount of the certificate to such person or persons as are lawfully entitled to it; and that the company had not colluded with the claimants or either of them touching the matter in controversy nor was it in any way indemnified by the claimants or either of them, nor had it exhibited the bill of interpleader at the request of either of them, but of its own free will to avoid being harassed

Second District—March, 1910.    467

Supreme Council of the W. C. U. v. Murrin, 154 Ill. App. 465.

touching the subject-matter thereof. The bill asked permission to bring the $2,000 into court to there abide the adjustment of the rights of the claimant thereto, and accompanied such request with an offer so to do, and prayed that the defendants answer specifically, and for process, and an injunction restraining the prosecution of the suits at law. After the defendants had answered the bill and the company had replied thereto, the court temporarily restrained the defendants from proceeding further with their suits at law, and referred the cause to the master to take the proofs, bearing on the allegations of the company's willingness to pay the amount stipulated in the certificate, and as to whether it had in any respect colluded with either of the defendants touching the matters in controversy, and as to whether the bill was exhibited at the request of the defendants or either of them or of its own will or if it was in any manner indemnified by the defendants or either of them. The master took the proof and reported, first, that the company had always been ready and willing to pay the amount due on the certificate; second, that the supreme president acting for the company determined that the widow was entitled to the fund, thereby showing that it entertained no doubt as to which of the claimants was entitled to the fund, nor did such determination show indifference on its part between the claimants or ignorance of their respective rights; third, that while such acts did not show actual collusion they showed, to say the least, constructive collusion which would deprive it of the right to call upon the defendants to interplead. Exceptions were filed to this report and overruled. The bill was dismissed for want of equity, the injunction was dissolved, and the company appealed.

Appellees contend that under the facts shown they are each entitled to recover $2,000 from appellant, and that therefore they are not claiming the same fund but different funds and cannot be required to inter-

plead. The certificate was made payable to the sister, and she testified that she had paid all the premiums, and in this she is not disputed. It is the contention of appellees that this gives her an absolute right to the $2,000. It is contended that the widow is also entitled to recover $2,000 irrespective of the terms of the certificate, because section four of appellant's constitution and by-laws requires the company to pay the widow or children if there is a widow or children. It is also contended by the widow that the letter of the president to the officer of the local branch advising him of the view or opinion which the president entertained that that section of the constitution and by-laws would make the money payable to the widow, and gave her a right of action therefor; that it was a promise to pay her upon which she could recover. There was but one membership in the company, but one certificate, and but one set of premiums paid. Therefore, there was but one liability of the company and that was for the sum of $2,000 only. The meritorious question is whether by virtue of section four of the constitution and by-laws of the company, the marriage of Murrin, after he became a member and received the policy, took the fund from the sister, the beneficiary named therein, and made the widow the beneficiary instead. This question, however, is not for us to decide on this appeal.

In Platte Valley Bank v. Nat. Bank, 155 Ill. 250, the court said: "It is laid down in 3 Pomeroy's Equity Jurisprudence, section 1322, that the equitable remedy of interpleader depends upon and requires the existence of the four following elements: 'First, the same thing, debt or duty must be claimed by both or all parties against whom the relief is demanded; second, all their adverse titles or claims must be dependent on or be derived from a common source; third, the person asking the relief—the plaintiff—must not have or claim any interest in the subject-matter; fourth, he must have incurred no independent liability to either

of the claimants,—that is, he must stand perfectly indifferent between them, in the position, merely, of a stakeholder.' " This was approved in Morrill v. Manhattan Life Ins. Co., 183 Ill. 260.

These elements co-exist in the bill in question. It alleged and the proof shows that the sister claims the fund and the widow also claims the fund. The common source of the title claimed is alleged and proved to be the certificate issued by the insurance company. The company disclaims all interest in the fund, and has none beyond seeing that payment is made to the person entitled to receive it. It has incurred no independent liability to either of the claimants, and the evidence shows that it has not colluded with either party.

We are of the opinion that the facts were sufficient to support a bill of interpleader and that the conflicting claims therein set up should have been determined, and that the court erred in dismissing the bill for want of equity.

The decree of the court below is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*