MANHATTAN STORAGE & WAREHOUSE CO. v. BENGUIAT ART MUSEUM et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

INTERPLEADER (§ 11*)—DIVERS CLAIMANTS—PLEADING—ATTACHMENTS.

A complaint by a warehouseman, alleging that goods in his hands are claimed by others, some by assignment from the depositor, others as owners, and by the sheriff under an attachment, and praying that a receiver be appointed and the ownership of the goods be determined, and the defendants be required to interplead, states a cause of action under General Business Law (Consol. Laws 1909, c. 20) § 103, providing that, if more than one person claims title or possession of the goods, the warehouseman may require all claimants to interplead, and section 104, providing that, where a person other than the depositor claims the goods, the warehouseman is excused from liability for refusing to deliver the same until he has a reasonable time to ascertain the owner or to bring legal proceedings to compel all claimants to interplead.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 13–34; Dec. Dig. § 11.*]

Appeal from Special Term, New York County.

Action by the Manhattan Storage & Warehouse Company against the Benguiat Art Museum and others. From an interlocutory judgment sustaining a demurrer to the complaint, the plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and DOWLING, JJ.

William W. Pellet, of New York City, for appellant.

Max D. Steuer, of New York City, for respondent.

John Godfrey Saxe, of New York City, amicus curiæ, on behalf of Bowling Green Storage & Van Co.

McLAUGHLIN, J.   This appeal is from an interlocutory judgment sustaining a demurrer to a complaint in an action of interpleader, on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges, in substance, that the plaintiff is a warehouseman, and as such has on storage certain personal property, consisting of rugs, antiques, embroideries, and other works of art, inclosed in boxes and barrels; that the property was deposited with it by one H. Ephraim Benguiat and Mordecai Benguiat; that subsequent thereto the defendant Benguiat Art Museum claimed to be the owner, by virtue of an assignment from the depositors, and demanded possession from the plaintiff, and threatened to hold it responsible if delivery were not made in accordance with the demand; that Vitall Benguiat and Leopold Benguiat also claimed to be the owners of the property and have demanded the same from the plaintiff; that the defendant Harburger, as sheriff of the county of New York, also claims to be entitled to the possession of the property by virtue of a warrant of attachment issued in an action pending in the Supreme Court between Vitall Benguiat and another and Ephraim Benguiat and an-

other, and "has levied upon said property by virtue of said warrant of attachment, claiming it to be the property of the defendant in said action"; that there are now pending several actions between the Benguiats and the Benguiat Art Museum with reference to the title and possession of the goods; and that the plaintiff retains and has possession of the goods as a warehouseman, and is unable to determine who is the true owner, or to whom the delivery should be made. The judgment demanded is, among other things, that the defendants be required to interplead concerning their respective claims to the property, that a receiver be appointed, and that the plaintiff be discharged from further liability upon delivering the property to him.

The facts alleged bring the case, as it seems to me, directly within the provisions of the statute which permit a warehouseman to maintain an action for interpleader. Section 103 of the General Business Law (Consol. Laws 1909, c. 20) provides that, if more than one person claims the title or possession of the goods, the warehouseman may, either as a defense to an action brought against him for nondelivery of the goods, or as an original suit, whichever is appropriate, require all known claimants to interplead. Section 104 provides that where a person other than the one depositing the goods makes a claim to them, or the warehouseman has information of such claim, he is excused from liability for refusing to deliver the same until he has had a reasonable time to ascertain the validity of the respective claims, or to bring legal proceedings to compel all claimants to interplead.

The Art Museum claims to be entitled to the property by virtue of an assignment from the original depositors, the sheriff by virtue of the warrant of attachment, and Vitall Benguiat and Leopold Benguiat as owners. The plaintiff does not know, nor has it the means of determining, who actually owns the property or is entitled to its possession. Under such circumstances, for its own protection, it asks that these different claimants be compelled to litigate among themselves their respective claims. The statute was designed to meet just such a situation. Beebe v. Mead, 101 App. Div. 500, 92 N. Y. Supp. 51. The demurrer was sustained, as appears from the opinion of the learned justice sitting at Special Term, because the complaint alleges that the sheriff had, under a warrant of attachment, levied upon the property; that such allegation necessarily implied that the sheriff had taken the goods into his actual custody. But the learned justice inadvertently overlooked other allegations of the complaint, setting forth that "since the delivery of the said goods, and the receipt thereof by the plaintiff, the plaintiff has retained and *still retains* said goods on storage as a warehouseman," and that it is "ready and willing to deliver" them to such persons as the court may direct.

The interlocutory judgment, appealed from, is reversed, with costs to the appellant, and the demurrer overruled, with costs, with leave to the demurring defendant to withdraw its demurrer and answer on payment of costs. All concur.