LEO ROSENBERG, Plaintiff, *v.* P. VIANE, INC.,
Defendant.

(Supreme Court, New York Special Term, November, 1919.)

Interpleader — warehouseman — when motion for interpleader
granted — General Business Law, § 103.

> In an action to recover possession of certain merchandise
> stored with defendant, a warehouseman, by plaintiff's assignor,
> it appeared that there was but one lot of merchandise so stored
> and that defendant upon demand had refused to deliver it to
> plaintiff. *Held,* that as defendant, which had issued two
> separate receipts, one of which came into the hands of plain-
> tiff's assignor, might be estopped from showing the true state
> of facts and might be liable to both claimants, its motion to have
> the other claimant interpleaded as a party defendant will be
> granted pursuant to section 103 of the General Business Law.

MOTION for interpleader.

Katz & Sommerich, for plaintiff.

Menken Brothers, for defendant.

LEHMAN, J. The plaintiff herein brought an action
for merchandise stored with the defendant by the
Alpha Lithograhic Co., Inc. The complaint alleges
that the defendant issued a receipt of which a copy
is incorporated in the complaint and that thereafter
the receipt and the ownership of the goods mentioned
therein were assigned to the plaintiff by the bailor and
that the defendant refused upon demand to deliver the
goods to the plaintiff. The defendant has moved for
an order that Perkins, Goodwin & Co., which also
makes claim for these goods, be interpleaded and
brought in as an additional party defendant. It
appears from the affidavits filed on this motion that

the goods were stored by the Alpha Lithographic Co., Inc., with the defendant on or about the 19th day of November, 1918. . Thereafter and on or about the 24th day of January, 1919, the defendant issued a new receipt for the same goods which states that they were received on January 19, 1919, '' for account of Perkins, Goodwin & Co.'' This new receipt was issued upon the representation of the Alpha Lithographic Co., Inc., that the goods had actually been sold and transferred to Perkins, Goodwin & Co. and that Perkins, Goodwin & Co. desired the receipt for the same goods, but the Alpha Lithographic Co., Inc., had lost or mislaid the said receipt. At this time the defendant had no knowledge or notice that the goods or the original receipt had been transferred to the plaintiff or any other party. It further appears that the plaintiff claims that the original receipt was assigned to him on or about November 22, 1918, as collateral security for moneys loaned amounting to the sum of $11,525 and gave notice to the defendant of this assignment in May, 1919.

It is quite evident from these facts than since there is only one lot of merchandise stored with the defendant, there can be only one owner who has a right to demand delivery of the goods from the defendant, but since the defendant has chosen to issue two separate receipts which have come into the hands of different parties, it may well be that the defendant might be estopped from showing the true facts and might be liable to both claimants. It is therefore not strictly a stakeholder without interest in the subject-matter of the controversy, and in the absence of statute no interpleader would lie. It has been frequently said in carefully considered opinions that section 820 of the Code, which provides for interpleader by order in certain

cases, was not intended to and did not create new
grounds for interpleader, but merely simplified and
changed the practice. There is no doubt that in so
far as concerns the cases which were then under con-
sideration, this is a correct statement of the law. A
party cannot ask to be *discharged from liability* to
both claimants on his paying into court the amount
claimed or the property in dispute if he has any per-
sonal interest in the controversy or has done any act
which might create a liability to both parties, and that
seems to be the only point considered and decided in
these cases; but by the amendment to chapter 246 of
the Laws of 1894 an additional provision was made
for the joining of other claimants as co-defendants in
the action even where the original defendant disputes
in whole or in part the liability as asserted against him
by different claimants. It is not necessary now to
decide whether this section of the Code covers the
situation disclosed in these motion papers, for the
defendant relies as much upon section 103 of the Gen-
eral Business Law as upon section 820 of the Code.
Section 103 provides: " If more than one person claim
the title or possession of the goods, the warehouseman
may, either as a defense to an action brought against
him for non-delivery of the goods, or as an original
suit, whichever is appropriate, require all known
claimants to interplead." I have not found any deci-
sion which directly passed upon the question of
whether the legislature intended by this section of the
statute to provide for interpleader in cases where it
would not be allowed under sections 820 and 820a of
the Code, but it is fair to assume that such a section
applicable only to warehousemen would not have been ·
inserted in the statute if the legislature had not
intended to give a warehouseman a broader right to

demand the interpleading of claimants than they would otherwise have had. It is to be noted that the section literally construed gives an unlimited and unqualified right to warehousemen to require all known claimants to interplead, and, on the other hand, it does not make any provision in express terms *for the discharge of the warehousemen from liability* on delivering possession of the property to such person as the court directs. It would therefore appear reasonable that the legislature intended that the warehouseman should have the right to require that all parties who might have any claim to property in the possession of the warehouseman should be made parties to an action in which an adjudication of their rights might be made which would be binding upon all claimants, even though at the trial it might appear that the warehouseman had by his own acts made himself liable to more than one claimant on the theory of estoppel. In the present case, for instance, if in fact there is no estoppel, the sole question to be determined will be which claimant is the actual owner of the goods. If the defendant cannot now require both claimants to interplead he might be compelled to pay the value of the goods to each of the two claimants, even though there be no estoppel, because two different juries might reach an opposite result upon the question of which claimant is the actual owner of the goods when presented in two different actions. Moreover, it may well be that under section 105 of the General Business Law the defendant would not be able to show the true facts except where it has interpleaded all the claimants to the goods. In the case of *Manhattan Storage & Warehouse Co.* v. *Benguiat Art Museum,* 155 App. Div. 196, the court decided in effect that a complaint in an action to require claimants to interplead under this

section is sufficient where it alleges that the plaintiff has goods on storage which are claimed by several parties who demand possession from him. It would appear that under the authority of this decision it is unnecessary for a warehouseman to allege in his complaint the basis of the claims made against him or to show that they are well founded, and since such allegations are not required where the warehouseman seeks to compel an interpleader in an original suit, there is no reason why they should be pleaded where the warehouseman seeks the same relief as a defense to an action brought against him. In the present case the defenses contained in the proposed answer served with the moving papers herein allege all the essential facts required by the statute. Whether or not the defendant can prove these allegations must depend whether or not it is established at the trial that the defendant is estopped by reason of its own acts from contesting one or both claims, but the court ought not at the present time to attempt to decide such an issue upon affidavits. If the defense is sufficient in law, it would certainly seem anomalous that the court should refuse upon motion to order the defendants named in such defenses to be made parties to the action. It may be that it would have been better practice for the defendant to have served the answer before making this motion, but no such point has been raised, and it seems to me that it would serve no useful purpose for the court to require the defendant to serve its answer formally and then to renew this motion.

It follows that the motion should be granted to the extent that Perkins, Goodwin & Co. be interpleaded and made a party defendent in this action.

Motion granted.