MARY E. McNEVIN, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Chemung County, July 9, 1936.

*Sayles, Flannery, Collin & Evans* [*William E. Palmer* of counsel], for the defendant, for the motion.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*Fred H. Jeffers* of counsel], for the plaintiff, opposed.

*Francis J. Clohessy,* for Anna McNevin, opposed.

PERSONIUS, J.   This action is brought upon a policy of insurance issued by the defendant upon the life of Hubert L. McNevin. From the affidavits and statements upon the argument, it appears that the policy was issued when Hubert L. McNevin was single and his mother, Mary E. McNevin, was named as beneficiary.   Upon his marriage his wife, Anna McNevin, was designated as beneficiary. Thereafter the policy accidentally became mutilated.   It was forwarded to the defendant company together with an application for a loan.   Instead of returning the original mutilated policy, a duplicate policy was issued by the defendant.   The duplicate policy for some reason failed to show the change of beneficiary from this plaintiff to Anna McNevin.   This apparently was due solely to the mistake of the defendant and was without any request or authorization of the insured.

The insured died on or about October 18, 1935.   Thereupon this plaintiff, Mary E. McNevin, gave the defendant notice and filed proofs of death under the policy.   Likewise Anna McNevin, the wife of the insured, filed proofs of death with the defendant. Since this motion was made she has brought an action in the Supreme Court of Tioga county to recover under the policy.

We have here two parties claiming under the same policy, without any collusion on the part of the defendant.   This ordinarily would be a proper action for interpleader.   (Civ. Prac. Act, § 287.) However, the conflict is due solely to the negligent or erroneous acts of the defendant in issuing a duplicate policy which did not conform to the original.

Interpleader by motion (Civ. Prac. Act, § 287) is governed by the same principles as the old action of interpleader.   The moving party must himself be free from fault.   (11 Carmody, § 764, pp. 637–642.)   An action of interpleader will not lie where the establishment of the plaintiff's liability to one of the defendants will not necessarily defeat his liability to the other.   (11 Carmody, § 734, p. 611.)   It is not beyond the realm of possibility that the defendant might be held liable to Anna McNevin on the original policy, and to this plaintiff, Mary E. McNevin, on the ground of negligence or estoppel.   She here contends that but for the fact that the duplicate policy appeared on its face to be payable to her, the insured would have changed the policy prior to his death because of his estrangement from his wife.

I think the order must be denied, with costs. (*Fanning* v. *Supreme Council, etc.*, 61 App. Div. 190.) In that case a duplicate policy was issued on the misrepresentation that the original had been lost. In the duplicate a different beneficiary was named. Both beneficiaries made claim. Interpleader was not permitted, the court saying (p. 193): " The opposing affidavits present a serious question of fact upon that issue, and for the purpose of determining such question the defendant association is a proper and necessary party." In that case the other claimant was brought in as a party. This might be done here but for the fact that the other claimant has started an independent action. The same result may be obtained by consolidation.

Submit order in accordance herewith.