AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff, *v.* TRUMAN OAKLEY, as Executor, etc., of J. RAYMOND OAKLEY, Deceased, and ELIZABETH W. OAKLEY, Defendants.

Supreme Court, Broome County, October 7, 1939.

*Paul C. Gouldin,* for the plaintiff.

*Glenn W. Carter,* for the defendant Truman Oakley, as executor, etc.

*Mosher & Mosher* [*Lester R. Mosher* of counsel], for the defendant Elizabeth W. Oakley.

GOLD (A. E.), J. Plaintiff insures members of the Tri-County Motor Club against accidental injury resulting in death while riding in a passenger automobile. J. Raymond Oakley was killed under circumstances which concededly fall within the terms of the policy. Plaintiff, confronted with rival claims by the widow and the estate, brings this action of interpleader and moves to be discharged from further liability upon paying the money into court.

The insurance contract is in the form of a so-called master policy. Members of the club receive certificates. The policy, so far as material, provides that " the Company shall prepare and furnish to the Club all Certificate forms issued under this Policy and no other certificate or insurance form shall be used hereunder," and that " neither this Policy nor any Certificate issued hereunder may be varied or amended except by written endorsement issued by the Company at its Home Office."

The certificates, issued by the club, provide that the insurance is payable to the member's estate. No right is given, at least in the first instance, to designate a different beneficiary and there are no blank spaces in the certificates for that purpose. Plaintiff presumably had some good reason for the restriction, although none has been suggested.

It is clear, in any event, that it was not intended to enforce the restriction here. In his application for membership in the club, Mr. Oakley was permitted to name his wife as beneficiary. That the club assented is conceded. Unfortunately, the certificate has been lost, and no duplicate was made. The assistant secretary of the club, who issued it, recalls that to comply with the designation in the application, she struck out the printed words, " payable to the estate," on the first page of the certificate, and to the right typed the name " Elizabeth W. Oakley." She admits, however, that through inadvertence she neglected to do the same on the last page, where the same printed words appear.

Plaintiff was not informed of the attempted variation. It received nothing more from the club than a stub giving the member's name and address. Nor did the club itself make or retain any further record.

The prerequisites of interpleader are well known. The classic statement is: " 1. The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded. 2. All their adverse titles or claims must be dependent, or be derived from a common source. 3. The person asking the relief — the plaintiff — must not have nor claim any interest in the subject matter. 4. He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent

between them, in the position merely of a stakeholder." (Pomeroy's Equity Jurisprudence [4th ed], § 1322.)

The action is now governed by the Civil Practice Act (§ 285), and the plaintiff is given the right, by motion, to be discharged from liability upon paying the amount claimed into court. (§ 286.) The essential elements, however, are still substantially the same. (*Empire Engineering Corp.* v. *Mack*, 217 N. Y. 85; *Pouch* v. *Prudential Insurance Co.*, 204 id. 281; *Crane* v. *McDonald*, 118 id. 648.)

The fourth condition stated by Pomeroy is one of the issues here. " A party cannot ask to be *discharged from liability* to both claimants on his paying into court the amount claimed  *  *  *  if he  *  *  *  has done any act which might create a liability to both parties." (*Rosenberg* v. *Viane, Inc.*, 109 Misc. 215, 217, LEHMAN, J.).

It is not the purpose of interpleader to protect against double liability, but only against double vexation in respect to one and the same liability. The party pursuing the remedy is obviously not completely disinterested, if one of the important questions to be determined is whether by his own act he may have rendered himself liable to both claimants. " Such an action always supposes that the plaintiff is a mere stakeholder for one or the other of the defendants who claim the stake, and the case must be such that he can pay or deposit the money or property into court, and be absolutely discharged from all liability to either of the defendants, and thus pass utterly out of the controversy leaving that to proceed between the several claimants." (*Bassett* v. *Leslie*, 123 N. Y. 396, 399.)

*McNevin* v. *Metropolitan Life Ins. Co.* (160 Misc. 468) is the latest case in this State applying the rule to conflicting claims for life insurance. There the original beneficiary was the insured's mother. It was later changed to his wife. Thereafter the policy was forwarded to the company in connection with an application for a loan. Observing that it was mutilated, the company issued a duplicate which through error, however, failed to show the change in the beneficiary. The court said in denying interpleader (p. 469): " It is not beyond the realm of possibility that the defendant might be liable to Anna McNevin [the wife] on the original policy, and to this plaintiff, Mary E. McNevin [the mother], on the ground of negligence or estoppel. She here contends that but for the fact that the duplicate policy appeared on its face to be payable to her, the insured would have changed the policy prior to his death because of his estrangement from his wife."

In *Fanning* v. *Supreme Council* (61 App. Div. 190), cited in the *McNevin* case, a duplicate policy was issued upon the representation, later found to be false, that the original had been lost. The

court rejected the plea for interpleader, not only on the ground that double liability was possible, but also because the insurer could furnish documentary evidence material to the controversy which would save the claimants considerable expense.

*McCormick* v. *Supreme Council* (6 App. Div. 175) is apparently in conflict. There, the original beneficiary was the wife of the insured. Three changes were thereafter made. In connection with the second change it was stated that the policy had been lost, and the insurer accordingly issued a duplicate. The policy being found after death, rival claims were made to the proceeds. The court granted interpleader on the ground that " while there may be two papers or written instruments outstanding, there was but one insurance effected and but one set of premiums paid " (p. 177).

These seem to be the only cases in this State which bear directly upon the question. The controlling principle is made clear, however, by decisions of other jurisdictions. Interpleader is ordinarily refused when the insurer has issued more than one policy although intended to evidence only the same liability. " By issuing the two policies, the plaintiff has exposed itself to both these claims, and must meet them as best it may." ( *National Life Ins. Co.* v. *Pingrey,* 141 Mass. 411, 413; 6 N. E. 93; *Finn* v. *Missouri State Life Ins. Co.,* 222 Ala. 413; 132 So. 632; *Midland Life Ins. Co.* v. *First National Bank,* 92 Col. 558; 22 P. [2d] 860; *Love* v. *Hartford Life Ins. Co.,* 153 Mo. App. 144; 132 S. W. 335; *Connecticut Mutual Life Ins. Co.* v. *Tucker,* 23 R. I. 1; 49 A. 26.)

The case here is obviously different. The Tri-County Motor Club issued only one certificate. Recovery by one of the claimants on the contract would necessarily exclude recovery by the other. " There was but one membership in the company, but one certificate, and but one set of premiums paid. Therefore, there was but one liability of the company." (*Supreme Council of W. C. U.* v. *Murrin,* 154 Ill. App. 465, 468; *Atwell* v. *Western Fire Ins. Co.,* 120 Fla. 694; 163 So. 27; *Supreme Commandery of the Order of Golden Cross* v. *Merrick,* 163 Mass. 374; 40 N. E. 183; *Wilser* v. *Wilser,* 132 Minn. 167; 156 N. W. 271.)

The issue, however, is not confined to the contract alone. *McNevin* v. *Metropolitan Life Ins. Co.* (*supra*) strongly suggests that the possibility of double liability which will bar interpleader may be the result of negligence, and there is no reason why that should not be true. The theory of interpleader is that the party seeking it, being merely a stakeholder, discharges his obligation completely by paying or offering to pay the amount claimed into court. Not so, however, if the facts show that he may also be a participant in the controversy, and it would seem to make no

difference whether this arises from the contract or from the alleged breach of some other duty.

Double liability is not impossible here. It may be that the executor will ultimately recover on the contract, either because the club was without authority under the master policy to permit the naming of the wife as beneficiary, or because the estate is designated in the printed portion of the certificate which remained unaltered. In that event, it is conceivable that the plaintiff may become liable to the widow for the failure of the club to exercise care in accepting her husband's application and in issuing a certificate which only partially carried out his expressed intention. The negligence may be chargeable to the plaintiff as the principal. (*Buck* v. *Standard Oil Co.*, 224 App. Div. 299, 300; affd., 249 N. Y. 595.)

It is no answer that for the present the widow seeks recovery only on the contract. She may raise the question by amendment of the pleadings, or by commencing a new action if unsuccessful in this one. Remote as the possibility of recovery may seem, it cannot yet be altogether excluded.

There is, however, another reason for denying relief which, from a factual viewpoint, is closely allied to this one. Interpleader, being an equitable remedy, has long been available only to one who is free from blame in causing the controversy. " If the uncertainty as to the validity of the adverse claims is due to the fault of the plaintiff, he cannot maintain his bill of interpleader." (Ames, Cases in Equity Jurisprudence, p. 50.)

The party pursuing the remedy must show that " it is not by erroneous or wrongful act of his own that the double or conflicting claims have arisen." (Maclennan, The Law of Interpleader, p. 60; *Kirsop* v. *Mutual Life Ins. Co.*, 87 App. Div. 170, 173; *Cromwell* v. *American Loan & Trust Co.*, 57 Hun, 149, 151, 152; *Shaw* v. *Coster*, 8 Paige, 339; *Am. Tel. Co.* v. *Day*, 52 N. Y. Super. Ct. 128; *Calloway* v. *Miles*, 30 F. [2d], 14; *Mallory S. S. Co.* v. *Thalheim*, 277 Fed. 196, 201; *Horner* v. *Willcocks*, 1 Irish Jur. [O. S.] 136 )

Interpleader results in more than simply relief against double vexation. The action being in equity, claimants lose their right to a jury trial. (*Clark* v. *Mosher*, 107 N. Y. 118.) Again, interest ceases upon payment of the money into court. Finally, the plaintiff, if successful in the action, becomes entitled to costs payable from the money on deposit. (*Richards* v. *Salter*, 6 Johns. Ch. 445.) It is, therefore, not unreasonable to require that the person applying for the exercise of discretion has not voluntarily placed himself in the situation from which he calls upon the court to extricate him. (Maclennan, *supra*, p. 4.)

It is doubtless true that the rule may be too strictly applied. Interpleader being a just and efficacious remedy, proof of fault should be clear and convincing. (Chafee, Modernizing Interpleader, 30 Yale L. J. 814, 821.) Such, however, is undoubtedly the fact here and, indeed, is substantially conceded. There was blame in not informing the insured of the provisions of the master policy requiring the certificate to be in one form only and permitting no variation except upon written indorsement. There was carelessness in issuing a certificate payable in one place to the widow and in another to the estate. Having thus helped to create the controversy through those who acted for it, plaintiff should not now be permitted to withdraw and thereby cast upon the claimants the entire burden of determination.

The motion is denied. Submit order.