Grace W. TROWBRIDGE, Plaintiff,

v.

The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Defendant.

Barbara T. Montgelas, Barbara T. Corbett
and Daphne M. Cochran, Additional
Defendants.

No. 69–Civ. 4623.

United States District Court,
S. D. New York.

Jan. 12, 1971.

On Motion for Reargument
Feb. 4, 1971.

Rogers, Hoge & Hills, New York City, (Cross & Broderick, Stamford, Conn., on rehearing only) for plaintiff.

Schechter & Schwartz, New York City, for defendant, The Prudential Insurance Company of America; by Harry N. Schechter, New York City, of counsel.

Sullivan & Cromwell, New York City, for additional defendants, Barbara T. Montgelas, Barbara T. Corbett and Daphne M. Cochran; by Henry N. Ess, III, Donald C. Christ, and William T. Stephens, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This court has before it four motions in the above matter. Jurisdiction exists pursuant to 28 U.S.C. § 1332. The facts of the case are as follows.

### I

On September 15, 1936, the Prudential Insurance Company of America ("Prudential") issued two single premium life insurance policies in the amount of $50,000 each on the life of Arthur L. Trowbridge. Barbara J. Trowbridge, daughter of the insured, was named as the beneficiary of one policy. She has since married, and her name is now Barbara T. Montgelas. Marjorie A. Nicholas, another daughter of the insured, was named as beneficiary of the second policy. She predeceased Authur Trowbridge, and Barbara Corbett (her sole surviving child) became the beneficiary under the second policy.

Both policies contained a clause entitled PROVISIONS AS TO OWNERSHIP OF THE POLICY which provided in part that "all legal incidents of ownership in the policy" were to belong to Barbara J. Trowbridge, her executors, administrators, or assigns in the instance of the first policy and to Marjorie A. Nicholas, her executors, administrators, or assigns in the instance of the second policy. Each policy further provided that the beneficiary could be changed "only with the *written* consent of all the beneficiaries under the policy." (Emphasis added.)

On December 16, 1968, Arthur Trowbridge wrote to Prudential requesting that it change the policies so as to name his wife, Grace Trowbridge, as beneficiary on both. Eleven days later, on December 27, 1968, Prudential so endorsed the policies, and Trowbridge was informed that his wife would receive the proceeds therefrom upon his death.

It is now conceded by *all* parties to the action that this change was in error. Under the terms of the policies, Barbara Montgelas and Barbara Corbett were the beneficiaries, and all rights vis-a-vis a change in beneficiaries were reserved exclusively to them. However, this error was unnoticed at the time of its commission and, despite the now admitted invalidity of the change in beneficiaries, Arthur Trowbridge died on March 7, 1969, believing that his wife would receive the proceeds of the two policies.

On October 22, 1969, Grace Trowbridge commenced this action against Prudential in the Southern District of

New York. Shortly thereafter, Prudential countered with two interpleader actions in the United States District Court, District of Connecticut, by which it sought to interplead Barbara Montgelas, Barbara Corbett, and Daphne Cochran with Grace Trowbridge. (Daphne Cochran is the daughter of Barbara Montgelas and, as such, is a contingent beneficiary on the first policy.) Montgelas, Corbett, and Cochran (hereinafter referred to as the "additional defendants") represent the class of persons who could possibly take as beneficiaries or contingent beneficiaries under the two policies. By its Connecticut action, Prudential also sought to stay the instant action in the Southern District of New York.

In deciding upon these matters, Chief Judge William Timbers of the United States District Court, District of Connecticut, declared, "The court is confronted with a dilemma—raised by counsel acting in utmost good faith on behalf of their respective clients—the resolution of which would appear to be dictated more by common sense than by the books." Prudential Life Insurance Company of America v. Grace Trowbridge et al., 313 F.Supp. 428 (1970). However, rather than decide on the merits, he instructed the parties to proceed in the Southern District of New York, and ordered the Connecticut action held in abeyance.

Proceed in the Southern District the parties did, and this court now has before it four motions. The first is made by Prudential pursuant to Rule 22 of the Federal Rules of Civil Procedure. By it, Prudential seeks to interplead the additional defendants with Grace Trowbridge to protect itself against double liability. Second, plaintiff Grace Trowbridge has moved for summary judgment against Prudential, claiming an amount equal to the proceeds of the insurance policies issued on the life of her husband. She does not base her demand for recovery directly on the insurance policies themselves, but claims instead that she is entitled to recover either in tort for negligent misrepresentations by Prudential or, in the alternative, on contract estoppel grounds. The third motion is one by the additional defendants for summary judgment against Prudential on the insurance policy itself. And last, the court has before it several motions for attorney's fees.

All motions for attorney's fees are denied at this time without prejudice. The court's rulings on the other motions are as follows.

## II

The motion of the Prudential Life Insurance Company of America for interpleader is denied.

■ Under the Federal Rules, interpleader is a procedural device which enables a person holding money or property conceded to belong to another to join two or more parties asserting mutually exclusive claims to the fund in a single suit, thereby avoiding the multiple liability which might result from inconsistent adverse determinations of liability in separate suits against him. The key to this concept is the avoidance of multiple liability *when only a single obligation is owing*.

For example, if "A" borrowed $10 from "B" and also bought a $10 book from "C" on credit, he could not interplead them when they each came around to collect their $10. He would owe more than a single obligation, and the establishment of his liability to one party would not necessarily defeat his liability to the other. However, if "A" was holding a particular picture for "B," and "B" then disappeared leaving behind "C" and "D," each of whom claimed that "B" owed the picture to him, "A" could interplead "C" and "D" because a decision on the merits in favor of one of the claimants would necessarily dictate a determination that the other was not legally entitled to recovery of the picture from "A."

■ In the instant case, the additional defendants claim that Prudential owes them the amount in question as the re-

sult of an insurance contract signed in 1936. By contrast, Grace Trowbridge bases her claim on a theory of negligent misrepresentation and/or contract estoppel grounded in acts committed by Prudential in 1968. These are independent causes of action, not adverse to one another, which rely on separate and distinct elements. It is clearly *possible* that more than a single obligation is owed, and the possibility of a double recovery justified by law is very real. Odum v. Penn Mutual Life Insurance Co., 288 F.2d 744 (5th Cir. 1961), Phillips v. Continental Assurance Co., 210 Pa.Super. 178, 231 A.2d 422 (1967), McNevin v. Metropolitan Life Insurance Co., 160 Misc. 468, 290 N.Y.S. 44 (1936), American Motorists Insurance Co. v. Oakley, 172 Misc. 319, 14 N.Y.S. 2d 883 (1939).

Accordingly, Prudential's motion to interplead the additional defendants with Grace Trowbridge is denied.

### III

The motion by Grace Trowbridge for summary judgment is also denied.

Plaintiff Trowbridge seeks damages from Prudential on one of two theories —1) negligent misrepresentation or 2) contract estoppel. In each instance, she argues that Arthur Trowbridge had the means to make other provisions for her upon his death and would have done so but for the negligent acts of Prudential. Accordingly, it is claimed that Prudential is liable to her for an amount equal to that which she would have received under the insurance policies had she in fact been properly named as beneficiary.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment will lie only where there is no genuine issue as to any material fact. It may not be used as a substitute for the trial of disputed issues. The court, upon hearing such a motion, can only determine whether there are, in fact, issues to be tried. Barron & Holtzoff, Federal Practice & Procedure, Wright Edition § 1231.

Where the claim of Grace Trowbridge against Prudential is concerned, material issues of fact do exist. Arthur Trowbridge left a multi-million dollar estate, yet no evidence has been presented to the court on the question of the extent to which he provided for his wife in ways other than by insurance. For example, should her indefeasible share have been substantial, it is possible that he would not have provided for her further even had he known that the change in policy beneficiaries was invalid. Thus, there is a substantial question of fact as to whether plaintiff and her husband actually relied on the erroneous policy change to plaintiff's detriment, and this question is enough to defeat the motion for summary judgment.

### IV

The motion of the additional defendants for summary judgment though, presents a very different set of circumstances.

The additional defendants base their claim for relief directly on the insurance policy itself. That they are justified in their quest for recovery appears to have been all but admitted by Prudential in its answering papers. There, Prudential admits that it had no right to change beneficiaries in the manner done, and refers to this change as "the result of an unintentional mistake and inadvertent clerical error." Indeed, Prudential goes on to state in its answer that—

> "Defendant desires and requires that each of the aforementioned policies be reformed to remove the endorsements changing the beneficiary under each of said policies to the plaintiff and for the restoration of each of said policies to the status thereof prior to the making of said endorsements."

A motion for summary judgment will lie whenever there is no genuine issue as to any material fact. And, while it has been stated many times that summary judgment is a "blunt instrument" which should be used only in moderation, it must be remembered that cases holding

that courts should be slow to grant summary judgment, leaning always to the side of caution and restraint, must be limited to their facts lest Rule 56 of the Federal Rules lose its effectiveness and meaning.

Rule 56 states in part, "The judgment sought shall be rendered forthwith if * * * there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." Such is the nature of the case now before us. Accordingly, the motion of the additional defendants for summary judgment against the Prudential Life Insurance Company of America for an amount equal to the proceeds of the insurance policies plus interest is granted.

So ordered.

### ON MOTION FOR REARGUMENT

On January 12, 1971, this court filed a memorandum decision with regard to several motions in the above captioned matter. Now, upon motion papers dated January 22, 1971, the Prudential Insurance Company of America (defendant) has moved for reargument.

Prudential bases its motion on four separate grounds. First, it claims that the court misread the law concerning the issues involved. However, it is worth noting that while defendant, in twelve pages of papers supporting its motion for reargument, accuses the court of adopting "contrived, irrelevant and immaterial arguments," it fails to cite a single case or legal commentary in support of its position. Accordingly, it is felt that this argument is without validity.

■ Prudential also contends that the court overlooked its request for a de-

claratory judgment as to the rights and obligations of the parties involved. This is not so. Rather, by granting summary judgment to the additional defendants, denying defendant's motion for interpleader, and declaring that the plaintiff had possible grounds for recovery on either a contract estoppel or negligence theory, this court resolved as much of the controversy as was possible at this stage of the litigation. In this manner, it disposed of defendant's motion for a declaratory judgment.

As a third ground in support of its motion for reargument, Prudential states that the court failed to consider its request for "other and further relief as may be required and appropriate in the interest of justice." That statement is in error. The court did consider the request. It simply found that no other relief was justified.

However, Prudential also seeks reargument on grounds that the court erred in deciding a motion for summary judgment by plaintiff Grace Trowbridge.* It is Prudential's contention that such a motion was never made and, while it is the recollection of the court that such a motion was in fact made orally in the motion part, the recollection of counsel for both sides in this matter is to the contrary.

Accordingly, defendant's motion to reargue is granted and, upon reconsideration of *all* the issues at hand, the earlier determination of this court is adhered to, except that the court's memorandum dated January 12, 1971 is amended so as to strike so much of the decision as refers to the motion for summary judgment by Grace Trowbridge.

So ordered.

---

* It should be noted that this motion was decided in favor of Prudential who, accordingly, was in no way prejudiced by it. However, the court is more than will-

ing to correct its error now that the question has been properly raised by motion papers.